S. W. INGLIS v. ELI RYMER, Chief of Police.

152 So. 4.

Division A.

Opinion Filed January 12, 1934.

C. P. *Diamond* and *Allen Clements,* for Plaintiff in Error;
*Chas. A. Mitchell,* for Defendant in Error.

DAVIS, C. J.—Pursuant to its asserted charter powers granted by Sections 33 and 37 of Chapter 14439, Special Acts of 1929, Laws of Florida, the City of Vero Beach enacted an ordinance reading as follows:

"An Ordinance Prohibiting the Operation of Skating Rinks within the Corporate Limits of the City of Vero Beach, Florida; and Prescribing Penalties for the Violation of this Ordinance.

"*Whereas,* the City Council of the City of Vero Beach, Florida, believes that it is detrimental to the peace, happiness, safety and well-being of the citizens of Vero Beach, Florida, for the operation of skating rinks to be allowed within said city; now, therefore, pursuant to the police powers vested in said City,

"BE IT ORDAINED by the Mayor and City Council of the City of Vero Beach, Florida:

"Sec. 1. That it shall be unlawful for any person, firm or corporation to operate or maintain any skating rink within the corporate limits of the City of Vero Beach, Florida, where any price of admission or for the renting of skates is charged, collected or received, or attempted to be charged, collected or received.

"Sec. 2. That any person, firm or corporation violating any of the provisions of this ordinance shall, upon conviction therefor, be punished by a fine not exceeding $500.00 or by imprisonment not exceeding sixty days, or by both such fine and imprisonment in the discretion of the court trying the offender.

"Sec. 3. All ordinances and parts of ordinances in conflict herewith are hereby repealed.

"Sec. 4. This ordinance shall be in full force and effect

immediately upon its passage and approval by the Mayor or upon its becoming a law without such approval."

Plaintiff in error having, in a habeas corpus proceeding, attacked the ordinance as being unreasonable, unconstitutional and invalid, and having been denied relief against its enforcement by means of threatened penalties of fine and imprisonment, brings the question of its validity here by writ of error.

The general laws of this State permit the operation and provide for the imposition of a small occupational license tax on the conduct of skating rinks and impliedly recognizes that the operation of a skating rink, with or without a charge therefor, is neither *per se* a nuisance, nor otherwise detrimental to the public health, welfare or morals of the community where operated.

In this case the attempted prohibition of the operation of skating rinks in Vero Beach is directed not against all operation of such rinks under any circumstances, but is confined solely to a denouncement of their operation "where any price or admission or for the renting of skates is charged, collected or received." So it is obvious that it is the exaction of a charge or collection of a fee at skating rinks that is in reality attempted to be suppressed, and not the operation of the rinks as such, since the ordinance permits *ad libitum* the operation of skating rinks free of charge.

Assuming for the purposes of this case, that the City Charter is broad enough to authorize the City of Vero Beach to regulate, suppress and impose a privilege tax on all skating rinks, the charter does not go to the extent of empowering the city to entirely prohibit skating rinks, but only to supress such as may be a nuisance. If a skating rink is not in fact a nuisance, a city ordinance, by its mere fiat, cannot make it so, whether it is conducted for a fee or charge or not. Johnson v. Town of Philadelphia, 94 Miss.

34, 47 Sou. Rep. 526, 19 Ann. Cas. 103; People *ex rel.* Friend v. Chicago, 261 Ill. 16, 103 N. E. Rep. 609, Ann. Cas. 1915-A 292; 28 CYC 710.

The policy of the laws of Florida as a tourist and playground State is toward encouragement, and not repression, in licensing and sanctioning the operation of places of amusement which are harmless in themselves, notwithstanding such place may become injurious to the public morals and welfare when conducted in an objectionable manner. Therefore, while under competent legislative authority skating rinks as places of public amusement may be reasonbaly regulated by municipalities so as to forbid their operation in an objectionable manner, they may not be prohibited altogether nor subjected to regulations so burdensome as to amount in substance to prohibition, since it is universally recognzied by all the authorities that the operation of a skating rink is not inherently injurious to the prevailing conception of public morals, nor a nuisance *per se.* 19 R. C. L. 867 and cases cited.

An ordinance of a municipality that constitutes an unreasonable and unwarranted interference with the personal rights of the citizen to conduct a skating rink as a lawful business for profit as a means of enjoyment of his constitutional right to acquire and possess money and property by legal means, is void on the ground of unreasonableness, and should be so declared in a proper proceeding involving that question as one for judicial determrniation. See *Ex parte* Harrell, 76 Fla. 4, 79 Sou. Rep. 166, L. R. A. 1918-F 514.

Judgment reversed and prisoner discharged.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.