237 So.2d 130 (1970)
Bruce Arthur CARTER, Petitioner,
v.
TOWN OF PALM BEACH, Florida, Respondent.
No. 39297.
Supreme Court of Florida.
July 1, 1970.
Rehearing Denied July 27, 1970.
Paty, Downey, Lewis & Daves, Palm Beach, for petitioner.
Robert C. Ross, of Burns, Middleton, Farrell & Faust, Palm Beach, for respondent.
BOYD, Justice.
This cause is before us to review the decision of the District Court of Appeal, *131 Fourth District, reported at 229 So.2d 3. Jurisdiction is based on conflict between the decision sought to be reviewed and the decision of this Court in Inglis v. Rymer.[1]
Petitioner was charged by affidavit with violation of ordinance 8.12-1 of the Town of Palm Beach, which ordinance provides as follows:
"It is hereby declared to be unlawful for a person to use or operate a surfboard, or a device known as a skimmer upon any beach, or in the surf adjacent to any beach, within the limits of the Town."
Prior to trial, petitioner filed motions attacking the constitutional validity of the ordinance as being arbitrary and not reasonably calculated to protect the public health, safety or welfare. These motions were denied.
The Judge of the Municipal Court found petitioner guilty of violating the ordinance. On appeal to the Circuit Court, the conviction was reversed on the ground that the ordinance was unreasonable, arbitrary and invalid. The Circuit Court held:
"The ordinance in question in its ultimate effect is a prohibitory one in scope in that it does not endeavor to regulate surfing but prohibits it. There does not appear to be anything inherently obnoxious or illegal, per se, about surfing that requires or necessitates it being totally prohibited, anymore than it would be reasonable to prohibit fishing entirely along the shore of the ocean within the Town. On the contrary, it would appear that surfing is a relatively challenging and wholesome activity for young people and others so inclined to pursue and to develop their skills in timing, balance and coordination. The Town's attempt to prohibit this activity absolutely within its wide expanse of thirteen (13) miles of beach front in this County cannot be sustained as a lawful exercise of the police power. Assuming that this type of activity falls within a geographic area which is subject to legislation and thus regulation by the Town, the Town may regulate surfing in a reasonable manner if it sees fit to do so, as for example by designating a certain area of the beach for such surfing activity so that this activity will not interfere or possibly endanger those who are swimming, bathing or otherwise using the beach in another specifically designated area."
The District Court reversed, holding the ordinance reasonable and a valid exercise of the police power. The District Court concluded there was a rational relation between prohibiting surfing and making beaches safe and that it was not the function of the court to pass on the wisdom of the ordinance.
The decision of the District Court conflicts with the Inglis case, supra, wherein this Court held invalid, an ordinance of the City of Vero Beach prohibiting all skating rinks. The Court stated that a municipality may regulate skating rinks so as to forbid the operation in an objectionable manner but that they could not lawfully be prohibited since they were not inherently injurious to public or a nuisance per se.
A municipality may, under the police power, regulate and restrain activities which threaten the public health, safety and welfare. However, the power to restrain and regulate does not include the power to prohibit an activity which is not a nuisance per se.[2]
The Circuit Court, in the instant case, correctly stated the law in its opinion set out above. The Town of Palm Beach may regulate and control surfing and skimming in areas subject to its jurisdiction and may prohibit these activities at certain places along the beach. However, the complete *132 prohibition of this sport from all the beach area is arbitrary and unreasonable.
Accordingly, the decision of the District Court is quashed and the cause remanded with directions to reinstate the judgment of the Circuit Court holding the ordinance invalid.
It is so ordered.
ERVIN, C.J., and ROBERTS and ADKINS, JJ., concur.
THORNAL, J., dissents with Opinion.
THORNAL, Justice (dissenting):
I dissent. (1) I find no conflict; (2) On the merits I have the view that the ordinance is a valid exercise of the police power. I think the District Court is right.
NOTES
[1] 113 Fla. 732, 152 So. 4 (1934).
[2] Anderson v. Tedford, 80 Fla. 376, 85 So. 673 (1920); 37 Am.Jur., Municipal Corp. § 293 (1941).