292 So.2d 410 (1974)
Shelby E. HENLEY, Individually and As Representative of Cape Coral Construction Industry Association, an Unincorporated Association, Appellant,
v.
CITY OF CAPE CORAL, a Municipal Corporation, Appellee.
No. 72-443.
District Court of Appeal of Florida, Second District.
February 15, 1974.
Rehearing Denied April 23, 1974.
*411 Guy H. Amason, Jr., Roberts, Watson, Taylor & McNeil, Fort Myers, for appellant.
Clyde G. Killer, Fort Myers, for appellee.
MANN, Chief Judge.
Deeds to lots in Cape Coral contain some restrictions which are effective "until Cape Coral Subdivision shall become part of an incorporated municipality" and included the following:
"No trailers shall be allowed on any of the said lots. No lot shall be used as a junk-yard or auto grave-yard. No trucks or house trailers of any kind shall be permitted to be parked in this subdivision for a period of more than four hours, unless the same is present in the actual construction or repair of buildings located on the land, and no trucks shall be parked overnight in areas zoned residential."
After the incorporation of the community, an ordinance was enacted which is somewhat broader than the original restriction, nevertheless, it indicates clearly an intention to protect residential neighborhoods against the lingering presence of commercial vehicles. We can readily imagine circumstances in which this ordinance may be unconstitutionally applied as for example to a station wagon which gives no outward appearance of being used in business, but if we accord appropriate presumptions in favor of the constitutionality of ordinances we must believe that it is on the whole reasonable. State v. City of Miami Beach, Fla. 1970, 234 So.2d 103; State ex rel. Office Realty Co. v. Ehinger, Fla. 1950, 46 So.2d 601.
Carter v. Town of Palm Beach, Fla. 1970, 237 So.2d 130, on which the appellant relies is not in point because that was a case of total prohibition of an otherwise lawful activity. The City of Cape Coral has made reasonable provisions for the storage of commercial vehicles. They may be kept at residences provided they are kept in a garage or, of course, they may be kept at commercial establishments. The kind of overall prohibition which is exemplified by Carter is not found here.
Affirmed.
BOARDMAN, J., concurs.
McNULTY, J., dissents with opinion.
McNULTY, Judge (dissenting).
By affirming, the majority have upheld the validity of an ordinance of the City of Cape Coral, i.e., Section 2(a), Ordinance No. 16E-71, relating to the types of vehicles which may be parked in any areas of the city which are zoned residential. Pursuant to such ordinance the parking of certain categories of vehicles in the restricted areas is prohibited. The second category of vehicles, the parking of which is so prohibited, reads as follows:
"(2) [A]ny passenger type vehicle, by whatever name designated, converted partially or completely form a passenger carrying vehicle to a vehicle for transporting goods or articles, by removal of a seat or seats therefrom or by addition thereto, thereon, or therein of a rack, crate or other carrier or holder for transporting goods or articles, such as ladders, wheelbarrows, tools, equipment, supplies or materials, if such vehicle so converted is used in or incident to the operation of a business... ."
*412 In my view, this provision is overboard and unreasonable in that it tends arbitrarily to discriminate between the various types of "passenger" vehicles. I think the provision is void. See, Carter v. Town of Palm Beach (Fla. 1970), 237 So.2d 130. See, also, 56 Am.Jur.2d, Municipal Corporations, § 444, et seq. at pages 494-496.