305 So.2d 261 (1974)
CITY OF CORAL GABLES, Petitioner,
v.
William L. WOOD, Respondent.
No. 74-595.
District Court of Appeal of Florida, Third District.
December 31, 1974.
*262 Charles H. Spooner, City Atty., and Robert D. Zahner, Asst. City Atty., for petitioner.
Therrel, Baisden, Peterson, Stanton & Stillman, Miami Beach, for respondent.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
The City of Coral Gables, Florida, has presented this petition for writ of certiorari to review an order of the circuit court sitting in its appellate capacity, reversing the trial court's conviction for violation of a Coral Gables zoning code ordinance in that the respondent had illegally parked or stored a camper type vehicle in his back yard.
The respondent, William L. Wood, is the owner of an Apache vehicle which he keeps outside at the rear of his residence in Coral Gables; it will fit in his garage, but not conveniently. This action began when a neighbor complained about the camper. The police investigated and a citation was issued to Wood charging him with parking a camper or vehicle fit for human habitation on private property within the City of Coral Gables, in violation of § 4.09(a) of the city zoning code. The ordinance provides:
"SECTION 4.09 HOUSE CAR, CAMP CAR, CAMPER OR HOUSE TRAILER.
(a) No House Car, Camp Car, Camper or House Trailer, nor any vehicle, or part of vehicle, designed or adaptable for human habitation, by whatever name known, whether such vehicle moves by its own power or by power supplied by separate unit, shall be kept or parked on public or private property within the City, except if enclosed within the confines of a garage, and unoccupied; or parked upon a duly licensed or legally operating parking area, which is not a concomitant and required under the zoning  or other  ordinance of the City (1506)
(b) Under no circumstances and in no area, however zoned, shall any vehicle be *263 used as living or sleeping quarters within the limits of the City. (1506)."
At the trial of the case in the municipal court of Coral Gables, Wood was found guilty and fined $15.00, plus $5.00 court costs. Wood's motion for rehearing was denied, and upon appeal to the Dade County Circuit Court, Wood alleged that the trial court erred in failing to find that the ordinance was unconstitutionally vague and that it was arbitrary, discriminatory and confiscatory as applied to him. After the cause was heard, the ordinance was found to be facially overbroad, unconstitutionally vague and violative of the guarantees of the first, fifth and fourteenth amendments to the United States Constitution and the judgment was reversed. This petition for writ of certiorari followed.
The questions presented to us in the City's petition are (a) whether § 4.09 of the zoning ordinance is constitutionally invalid as being unclear, indefinite and vague, and (b) whether or not the ordinance as applied to Wood is arbitrary, discriminatory and confiscatory. In his brief, the respondent states the general rule that validity of an ordinance as to vagueness is measured by whether it gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden thereunder. State v. Penley, Fla.App. 1973, 276 So.2d 180, citing United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989. Although there could be some doubt as to whether or not certain vehicles are covered by the ordinance, for instance station wagons or vans with pull-down seats, there is no question that the Apache vehicle, subject of the instant case is a "camper" as contemplated by the ordinance. Mr. Wood, a duly licensed Florida attorney, testified that he had prior knowledge of the ordinance, and we are of the opinion, therefore, that he should have been on notice that his conduct was in violation of, it.
A zoning ordinance will be upheld unless it is clearly shown that it has no foundation in reason and is a mere arbitrary exercise of power without reference to public health, morals, safety or welfare. State ex rel. Helseth v. DuBose, 1930, 99 Fla. 812, 128 So. 4. See also Village of Virginia Gardens v. Johnson, Fla.App. 1962, 143 So.2d 692 and Donch v. City of Miami, Fla.App. 1968, 214 So.2d 503. Aesthetic considerations have been held to be a valid basis for zoning in Florida. See Sunad, Inc. v. City of Sarasota, Fla. 1960, 122 So.2d 611; State ex rel. Boozer v. City of Miami, Fla.App. 1967, 193 So.2d 449; Rotenberg v. City of Fort Pierce, Fla.App. 1967, 202 So.2d 782.
In a New Jersey case involving a similar ordinance and factual situation,[1] the Superior Court opined that current authorities recognize neighborhood aesthetics to be integrally bound to property values and to be relevant considerations in zoning when they bear in a substantial way upon land utilization. The court further found that the accused continued the outdoor storage of their vehicles in violation of a municipal regulation with which they were in a position to comply by simply storing the camp trailer in their garage.
We are of the opinion that an ordinance which may operate reasonably in some circumstances and unreasonably in others, is not void in toto, but is enforceable except when in the particular circumstance its operation would be unreasonable or oppressive.
As in the Marchev case, supra, the Coral Gables ordinance is aimed at preventing unsightly appearances and diminution of property values which obtain when camper-type vehicles are parked or stored out of doors in a residential area of the community. The reasonableness of the prohibitory enactment is evidenced by the fact that the storage of such vehicles is permitted within a garage or other structure. *264 The defendant was not deprived of a right to own the Apache vehicle or to store it on his premises; he was only restricted from indulging in a use that would impinge upon the rights of other property owners.
From careful review of the record, the briefs and the ordinance under attack, we find the ordinance to be the product of a valid exercise of the municipal power of the City of Coral Gables for zoning, and as applied to this defendant, is not unconstitutional. Therefore, the petition for writ of certiorari is granted and the order of the circuit court is hereby quashed.
It is so ordered.
NOTES
[1] Township of Livingston v. Marchev, 85 N.J. Super. 428, 205 A.2d 65 (1964).