**CITY OF NICHOLS HILLS, Appellant,**

v.

**Peggy RICHARDSON, Appellee.**

No. S 96–0486.

Court of Criminal Appeals of Oklahoma.

May 6, 1997.

*ACCELERATED DOCKET ORDER*

Peggy Richardson (Appellee) was cited on March 22, 1992, for violating a City of Nichols Hills (City) ordinance by parking her pickup in the driveway of her Nichols Hills home between the hours of 2:00 and 5:00 a.m. A Nichols Hills Police Officer issued her Oklahoma Uniform Violations Complaint No. 083430, specifically citing her for violating City Ordinance No. 700, "Regulations Governing the Parking of Certain Vehicles on Private Property in the U–1 Use District", Ordinance § 16–10.1. On August 5, 1992, the Honorable Charles B. Lutz, Jr., Municipal judge, Nichols Hills Municipal Court, not of record, tried Appellee, found her guilty, fined her $100.00 and suspended the fine. Appellee sought relief in the District Court of Oklahoma County alleging "the ordinance is unconstitutional on its face and as applied to her". The Honorable Donald L. Howard, Special Judge, found Nichols Hills Ordinance No. 700 unconstitutional as being "arbitrary, capricious and an unreasonable restriction on the [Appellee's] property rights". City now appeals upon a reserved question of law pursuant to 22 O.S.1991, § 1053.1.

The stipulated facts include:

1. Ordinance No. 700 was validly enacted and was in effect at the date of the alleged offense.

2. Appellee is a citizen and resident of Nichols Hills.

3. Appellee purchased her home in Nichols Hills in 1980, has driven a pickup truck since that time, and neither Ordinance No. 700 nor its predecessor ordinance was enforced against her until 1991.

4. On March 22, 1992, Appellee was issued citation No. 083430 for violating Ordinance No. 700. Her vehicle, a 1988 Chevrolet 4x4, was parked in her driveway between the hours of 2:00

a.m. and 5:00 a.m. Appellee has no garage within which her vehicle can be parked and she cannot otherwise park the vehicle behind the front wall of her property's main building line.

5. On September 12, 1991, Appellee requested a variance to City Ordinance No. 700 due to hardship. The variance request was denied in Case No. 0012 by the Nichols Hills Board of Adjustment on January 9, 1992.

6. Appellee's profession and livelihood as a horse trainer necessitate her ownership and use of a pickup and her economic circumstances are such that she cannot afford to purchase a separate 'town car' to park in her driveway, just so she can comply with the ordinance.

7. Appellee's pickup is used for both personal and business purposes; it is not tagged as a commercial vehicle and displays no commercial vehicle markings or signs.

The pertinent parts of Ordinance No. 700 include:

*Section 1.* Article 1 of Chapter 16 of the Nichols Hills City Code 1989, as amended, is hereby amended to include the following section 16–10.1: . . .

A. *Definitions.* As used in this section:

(1)*Private Passenger Vehicle* means any three (3) or four (4) wheeled, motorized self-propelled vehicle primarily designed for and used as an all weather transporter of persons on public streets and highways, which is not used to transport passengers for hire, and which is commonly considered a sedan, coupe, convertible, station wagon, passenger van, personal utility vehicle or sports vehicle, and which is used for personal use and is not identified with commercial or recreational use by licensing, special painting, sign, symbol, logo or words or by modification to suspension or attached equipment, and which is maintained free of visible cargo of any nature. **The term "Private Passenger Vehicle" shall not include pickup trucks.** (emphasis added)

(2) *Commercial Vehicle* means a motorized, self-propelled vehicle either designed for or used for transporting commercial goods, merchandise, tools, machinery, business or trade equipment, building materials, products of the construction trade, chemicals or liquid, including but not limited to, a van, bus, truck, pickup truck, utility vehicle, a vehicle with an open or flat bed or equipment rack behind the driver or passenger seat, or any vehicle which by its design, number of wheels or special equipment puts it in a class other than private automobile or recreational vehicle. . . .

B. It shall be unlawful and an offense for any person, firm or corporation to park any commercial vehicle, recreational vehicle, trailer, taxi-cab or mobile home or any vehicle of any kind except a private passenger vehicle on private property located within the U–1 use district, between the hours of 2:00 a.m. and 5:00 a.m., unless such vehicle is parked on a permanently hard surfaced area or driveway completely to the rear of the front wall of the main building located on the property, and unless such vehicle shall be screened from view from the main and any side street upon which the property abuts. Provided, however, that pickup trucks which have no commercial license, sign, logo or markings and no visible load or cargo shall be exempt from the screening requirements only of this subsection. . . .

*Section 5. Penalty.* Any person who shall violate the provisions of this ordinance shall be guilty of an offense and upon conviction shall be punished by a fine and costs not to exceed the sum of One Hundred Dollars ($100.00). Each day that any such violation continues shall constitute a separate offense.

*Section 6. Emergency.* WHEREAS, it being immediately necessary for the preservation of the peace, health, welfare and safety of the City of Nichols Hills and the inhabitants thereof that the provisions of this ordinance be put into full force and effect, an emergency is hereby declared to exist by reason whereof this ordinance

shall take effect and be in full force from and after its passage, as provide by law.

This appeal was automatically assigned to the Accelerated Docket of this Court. 22 O.S.Supp.1995, Ch.18, App., *Rules of the Court of Criminal Appeals*, Rule 11.2(A). City raises the following three propositions of error:

1. Enactment of Ordinance No. 700 was a constitutional exercise of the police power of the City of Nichols Hills and ordinance NO. 700 is not arbitrary, capricious, unreasonable and does not deprive [Appellee] of property rights or violate due process of law.

2. Appellee failed to meet her burden of proof concerning the constitutionality of Ordinance No. 700.

3. [Appellee's] property has not [sic] taken without due process of law because [Appellee] did not exhaust all available administrative remedies.

The propositions or issues were presented to this Court in oral argument March 27, 1997, pursuant to Rule 11.2(F). At the conclusion of oral argument, the matter was taken under advisement.

City argues (a) that "aesthetics" is one of the primary reasons the ordinance was enacted and (b) that the prohibition against pickups "directly relates to the City's interest in controlling land use and maintaining land values".

The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of its use is not unlimited and such restriction cannot be imposed if it does not bear a substantial relationship to the public health, safety, morals or general welfare. *Nectow v. City of Cambridge,* 277 U.S. 183, 188, 48 S.Ct. 447, 448, 72 L.Ed. 842 (1928). Aesthetic zoning measures aimed at maintaining property values, thereby promoting the general welfare, can be a valid and permissible exercise of the police power.[1] However, we find this ordinance, on its face, does not promote aesthetics as alleged.

Here, as in *Proctor v. City of Coral Springs,* 396 So.2d 771, 774 (Fla.App.1981), nothing in the record suggests that such an all-inclusive ordinance is necessary to meet the city's legitimate responsibility of protecting the public health, safety or general welfare of its citizens. Ordinance No. 700, as in *City of Coral Springs,* "does not speak in terms of weight, width or other relevant concerns, but merely contains a blanket prohibition of all pickup trucks". *Id.*

Any vehicle that meets the definition of a "private passenger vehicle"—no matter how ugly, rusted or offensive, may be parked in this municipality between the hours of 2:00 a.m. and 5:00 a.m. However, not a single pickup—no matter how new, expensive, or "pleasing to the eye", may be parked in any driveway during these hours. The obvious

---

1. *See Berman v. Parker,* 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954)(where the Supreme Court affirmed as modified District Court's decision sustaining the constitutionality of District of Columbia Redevelopment Act which allowed the District to take business owner's property with due compensation to eliminate blighted area of the District and to facilitate the District's community development plan); *City of Coral Gables v. Wood,* 305 So.2d 261 (Fla.App.1974)(where the court said a city zoning ordinance was not unconstitutional for prohibiting defendant's parking of his Apache camper-type vehicle in his backyard); *Township of Livingston v. Marchev,* 85 N.J.Super. 428, 205 A.2d 65 (1964)(where the court sustained conviction for violating city ordinance prohibiting parking a trailer within the municipality and for violating the local zoning ordinance); *Westfield Motor Sales Co. v. Town of Westfield,* 129 N.J.Super. 528, 324 A.2d 113 (1974)(where court upheld zoning ordinance limiting maximum size of free-standing signs erected in town); *People v. Stover,* 12 N.Y.2d 462, 240 N.Y.S.2d 734, 191 N.E.2d 272 (1963)(where residential owners unsuccessfully challenged constitutionality of city ordinance prohibiting clotheslines in the front yard); *Chorzempa v. City of Huntsville,* 643 So.2d 1021 (Ala.Cr.App. 1993)(where defendant unsuccessfully appealed convictions for violating a Huntsville zoning law prohibiting him from storing junk in his yard and an ordinance prohibiting him from parking a one-ton van in a residential area); *State v. Wieland,* 269 Wis. 262, 69 N.W.2d 217 (1955)(where the court upheld the validity of a zoning ordinance requiring the village's Building Board to approve the exterior architectural appeal and functional plan of proposed structures); *Berk v. Wilkinsburg Zoning Hearing Board,* 48 Pa. Cmwlth. 496, 410 A.2d 904 (1980)(where the court ruled that the zoning Hearing Board erred by excluding landowners aesthetic and property value evidence in granting Water Authority permission to build an elevated water tank).

contradiction belies the City's claim that it has enacted the ordinance to protect the aesthetic integrity of the community.

During the hours from 2:00 a.m. to 5:00 a.m., persons that could be offended by the sight of a pickup, cannot see a pickup, or any other vehicle for that matter, as it is normally dark during these hours. However, these same people can see an operational rusted-out jalopy, classified as a "private passenger vehicle", parked in any driveway during the daylight hours. We cannot distinguish how one vehicle could negatively affect property values and the other could not. Therefore, we find this ordinance, as written, is unreasonable and overbroad as applied to all pickups and as applied to Appellee.

As an issue of first impression, this Court specifically finds that a municipality may, within the scope of its police power, enact a zoning ordinance based solely upon aesthetic considerations to promote general welfare. Such ordinance, however, cannot be as broad as the ordinance enacted by the City of Nichols Hills.

**IT IS THEREFORE THE ORDER OF THIS COURT** that the order of the District Court of Oklahoma County, finding Nichols Hills Ordinance No. 700 unconstitutional, is **AFFIRMED.**

  **IT IS SO ORDERED.**

      /s/ Charles S. Chapel
          CHARLES S. CHAPEL
          Presiding Judge

      /s/ Reta M. Strubhar
          RETA M. STRUBHAR
          Vice Presiding Judge

      /s/ Gary L. Lumpkin
          GARY L. LUMPKIN
          Judge

      /s/ James F. Lane
          JAMES F. LANE
          Judge

      /s/ Charles A. Johnson
          CHARLES A. JOHNSON
          Judge