RE: MUNICIPALITIES — DEPARTMENT OF ENVIRONMENTAL PROTECTION — DOCKS — VESSELS — BOATS — PERMITS — authority of municipality to regulate docking facilities. s. 403.813, Fla. Stat. Ms. Patricia Saint Vil-Joseph Interim North Miami City Attorney 776 Northeast 125th Street Post Office Box 610850 North Miami, Florida 33261-0850
Dear Ms. Saint Vil-Joseph:
As City Attorney for the City of North Miami, you have asked substantially the following question:
Does section 403.813(2)(s), Florida Statutes, preempt the authority of the City of North Miami to adopt and enforce land use and other related regulations concerning floating vessel platforms and floating boat lifts that are not themselves permitting requirements or conditions for exclusion from state or other permitting requirements?
The city asks whether it is precluded by the provisions of the statute from adopting and enforcing land use and other regulations addressing the appropriate zoning for a particular site or other circumstances relating to floating vessel platforms and floating boat lifts located within the jurisdiction of the municipality. This office has contacted the Department of Environmental Protection and the department has joined in the request for an opinion on this question.
Part V, Chapter 403, Florida Statutes, is the "Florida Environmental Reorganization Act of 1975."[1] In adopting these provisions, the Legislature recognized that structural reorganization is a continuing process and expressed its intent to "promote more efficient, effective, and economical operation of certain environmental agencies by transferring decisionmaking authority to environmental district centers[.]"[2]
Section 403.813, Florida Statutes, requires the Secretary of the Department of Environmental Protection to adopt procedural rules for a short-form application for and
issuance at the district centers of permits for certain projects. Subsection (2) of the statute provides:
"A permit is not required under this chapter, chapter 373, chapter 61-691, Laws of Florida, or chapter 25214 or chapter 25270, 1949, Laws of Florida, for activities associated with the following types of projects; however, except as otherwise provided in this subsection, nothing in this subsection relieves an applicant . . . from complying with applicable local pollution control programs authorized under this chapter or other requirements of county and municipal governments[.]"
Subsection 2(s), with which your request deals, provides that a permit is not required for
"[t]he construction, installation, operation, or maintenance of floating vessel platforms or floating boat lifts, provided that such structures:
1. Float at all times in the water for the sole purpose of supporting a vessel so that the vessel is out of the water when not in use;
2. Are wholly contained within a boat slip previously permitted under ss. 403.91—403.929, 1984 Supplement to the Florida Statutes 1983, as amended, or part IV of chapter 373, or, when associated with a dock that is exempt under this subsection or a permitted dock with no defined boat slip, do not exceed a combined total of 500 square feet, or 200 square feet in an Outstanding Florida Water;
3. Are not used for any commercial purpose or for mooring vessels that remain in the water when not in use, and do not substantially impede the flow of water, create a navigational hazard, or unreasonably infringe upon the riparian rights of adjacent property owners, as defined in s.253.141;
4. Are constructed and used so as to minimize adverse impacts to submerged lands, wetlands, shellfish areas, aquatic plant and animal species, and other biological communities, including locating such structures in areas where no seagrasses exist if such areas are present adjacent to the dock; and
5. Are not constructed in areas specifically prohibited for boat mooring under conditions of a permit issued in accordance with ss. 403.91—403.929, 1984 Supplement to the Florida Statutes 1983, as amended, or part IV of chapter 373, or other form of authorization issued by a local government."
"Structures that qualify for this exemption are relieved from any requirement to obtain permission to use or occupy lands owned by the Board of Trustees of the Internal Improvement Trust Fund and shall not be subject to any more stringent regulation by any local government. The exemption provided in this paragraph shall be in addition to the exemption provided in paragraph (b). . . . ."
You have specifically asked whether the language in subsection 2(s), providing that structures qualifying for the exemption are not subject to any more stringent regulation by a local government, precludes the City of North Miami from regulating such structures.
Section 2(b), Article VIII, State Constitution, provides that:
"Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law."
The Supreme Court of Florida has stated that this constitutional provision "expressly grants to every municipality in this state authority to conduct municipal government, perform municipal functions, and render municipal services."[3] The only limitation on the power of municipalities under this constitutional section is that such power must be exercised for a valid municipal purpose.[4] Thus, the Court has determined that statutes are only relevant to determine the limitations on municipal authority and cities need no further authorization from the Legislature to conduct municipal government.[5] Pursuant to section166.021(1), Florida Statutes, municipalities are granted "the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law." The term "express" as it is used in section166.021, Florida Statutes, has been construed to mean a reference that is distinctly stated and not left to inference.[6]
Generally, a municipality has civil and criminal jurisdiction over property within its corporate boundaries and may regulate and restrict certain activities reasonably calculated to protect the public health, safety, and welfare.[7] The power of municipalities to regulate in this area is, however, subject to the state's paramount power to regulate and control the use of its sovereign lands. To the extent that any such regulation is preempted by the state or is inconsistent with general law or with regulations adopted by the state, any municipal regulation would be invalid.[8] Thus, the specific language of section 403.813(2)(s), Florida Statutes, that "structures that qualify for this exemption . . . shall not be subject to any more stringent regulation by any local government" would control.
Part V, Chapter 403, Florida Statutes, the "Florida Environmental Reorganization Act of 1975," deals primarily with reorganizing the governmental structure involved in environmental permitting, setting standards for permitting and permitting requirements.[9] The declaration of policy expressed by the Legislature in adopting this statutory part provides that "it is the intent of the Legislature to promote more efficient, effective, and economical operation of certain environmental agencies by . . . delegating . . . permitting functions related to water quality."[10]
Section 403.813, Florida Statutes, regulates permits. The title of the statute is "[p]ermits issued at district centers; exceptions." Legislative history relating to the enactment of subsection (2) of the statute reflects the direction of the amendment: "providing an exemption from permitting requirements for specified types of floating vessel platforms or floating boat lifts[;]" but, more broadly, that the legislation "[limit] local government regulation of floating vessel platforms and floating boat lifts[.]"[11]
The statutory language and the legislative history for section 403.813, Florida Statutes, do not speak clearly to the type of regulation contemplated by the exception for floating structures. Section403.813(2)(s), Florida Statutes, provides that these structures "shall not be subject to any more stringent regulation by any local government" and legislative history reflects the legislative intent to limit local governmental regulation of floating vessel platforms and floating boat lifts. It is simply not clear whether the Legislature intended to limitall local regulation of these structures or merely intended to limitlocal permitting authority and, in the absence of any evidence suggesting a particular result, this office is without authority to qualify or read into this statute an interpretation which would result in a construction that seems more equitable under circumstances presented by a particular factual situation. Such a construction is exclusively the prerogative of the Legislature.[12]
You may wish to seek a definitive answer to this question from a court or to contact your local legislative delegation to request amendatory legislation clarifying this matter.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See s. 403.801, Fla. Stat., providing the short title for the act.
[2] Section 403.802, Fla. Stat.
[3] State v. City of Sunrise, 354 So.2d 1206, 1209 (Fla. 1978).
[4] Id.
[5] Supra n. 3 at 1209.
[6] See Edwards v. State, 422 So.2d 84, 85 (Fla. 2nd DCA 1982); Op. Att'y Gen. Fla. 84-83 (1984). Cf., Pierce v. Division of Retirement,410 So.2d 669, 672 (Fla. 2nd DCA 1982).
[7] See 64 C.J.S. Municipal Corporations s. 1816; Carter v. Town ofPalm Beach, 237 So.2d 130 (Fla. 1970); Ops. Att'y Gen. Fla. 90-37 (1990), 85-47 (1985), 79-71 (1979), 77-139 (1977) and 60-139 (1960).
[8] See s. 166.021, Fla. Stat.; City of Miami Beach v. Forte Towers,Inc., 305 So.2d 764 (Fla. 1974); Ops. Att'y Gen. Fla. 78-141 (1978), 75-167 (1975), and 73-463 (1973).
[9] See s. 403.801, Fla. Stat., providing the short title for the act.And see s. 403.811, Fla. Stat., relating to dredge and fill permits; s.403.812, Fla. Stat., providing for dredge and fill permits in storm water management systems; s. 403.813, Fla. Stat., providing for permits issued at district centers; s. 403.814, Fla. Stat., providing for general permits; and s. 403.816, Fla. Stat., relating to permits for maintenance dredging of deepwater ports and beach restoration projects.
[10] Section 403.802, Fla. Stat.
[11] See title, Chap. 2002-164, Laws of Florida, codifying CS/SB 508.And see title, SB 508: Relating to Environment/Detrital Material, which provides that the bill "provides exemption from permitting requirements for specified types of floating vessel platforms or floating boat lifts; limits local government regulation of floating vessel platforms 
floating boat lifts[.]"
[12] See Ops. Att'y Gen. Fla. 97-79 (1997), 93-24 (1924) and 81-10 (1981). Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209
(Fla. 1974).