*609 CORTIÑAS, Judge
(concurring).
I concur entirely but write only to highlight the fundamental and legally significant difference between aesthetic regulations aimed at commercial and/or recreational vehicles[11] and those aimed at personal use mainstream vehicles. While commercial and recreational vehicles have been the subject of judicially-upheld regulations based on aesthetic considerations, personal use mainstream vehicles have not.
Personal use mainstream vehicles include cars, station wagons, minivans, sport-utility vehicles (“SUVs”), and light trucks. Record evidence shows that the category of light trucks may encompass pickup trucks, minivans, and SUVs, many of which are smaller in length than some full-size cars.[12] According to Edmunds, a well-known resource for information on personal use vehicles, the Ford F-150 is the best-selling vehicle in the United States. It is also common knowledge that many citizens, just like appellant, choose to drive a light truck as their personal mode of transportation.
Courts have upheld municipal ordinances prohibiting the outside parking or storage of recreational vehicles in residential areas. See, e.g., City of Coral Gables v. Wood, 305 So.2d 261, 268 (Fla. 3d DCA 1974) (upholding zoning ordinance prohibiting campers, trailers, and other vehicles “designed and adaptable for human habitation” on public and private property within the City of Coral Gables as applied to a resident who parked an Apache vehicle in his backyard in a residential area). Similarly, courts have upheld municipal ordinances aimed at curbing the intrusion of commercial vehicles into residential areas. See, e.g., Henley v. City of Cape Coral, 292 So.2d 410, 411 (Fla. 2d DCA 1974)(uphold-ing ordinance prohibiting commercial vehicles in residential areas except when engaged in construction or repair work); City of Blue Springs v. Gregory, 764 S.W.2d 101 (Mo.Ct.App.1988)(upholding ordinance prohibiting the parking or storing of commercial vehicles over six tons in residential areas except while making deliveries); but cf. Proctor v. City of Coral Springs, 396 So.2d 771, 774 (Fla. 4th DCA 1981)(invalidating ordinance as applied to a personal use truck that, nevertheless, met the City’s definition of a commercial vehicle).
In sharp contrast, there is only one reported case involving a municipal regulation prohibiting the parking of a personal use mainstream vehicle, namely a light truck, in a residential area. See City of Nichols Hills v. Richardson, 939 P.2d 17 (Okla.Crim.App.1997). That case addressed the precise issue before us and struck down the regulation in question as not rationally related to aesthetics. Id. Nichols Hills is a very affluent neighborhood near Oklahoma City, similar to Coral Gables. In Nichols Hills, the appellant was cited for violating a city ordinance by *610 parking her pickup truck in the driveway of her Nichols Hills home between the hours of 2:00 and 5:00 a.m. Id. at 17-18. There, the City argued “(a) that ‘aesthetics’ is one of the primary reasons the ordinance was enacted and (b) that the prohibition against pickups ‘directly relates to the City’s interest in controlling land use and maintaining land values.’ ” Id. at 19. The Oklahoma Court of Criminal Appeals held that, as applied to that appellant and all pickup trucks, the ordinance was unreasonable and overbroad. Id. at 20.
In Henley v. City of Cape Coral, 292 So.2d 410, 411 (Fla. 2d DCA 1974), the Second District upheld a municipal ordinance aimed at protecting residential neighborhoods against the lingering presence of commercial vehicles. The Henley court was not presented with an as-applied challenge to the ordinance. Id. Instead, the court only considered the constitutionality of the ordinance on its face and found it to be “on the whole reasonable.” Id. However, most significant to our case, the Second District acknowledged that, if confronted with an as-applied challenge, such an ordinance “may be unconstitutionally applied as for example to a station wagon which gives no outward appearance of being used in business.” Id. (emphasis added). In so stating, Henley is entirely consistent with all cases that have struck down, on an as-applied basis, municipal parking regulations affecting a personal use pickup truck. See Proctor, 396 So.2d at 774; Nichols Hills, 939 P.2d at 20.
In Proctor, the Fourth District was faced with the type of situation foreseen in Henley, namely a municipal ordinance that, as-applied, was used to prohibit the parking of a personal use vehicle on residential property. Proctor, 396 So.2d 771-74. Mr. Proctor’s vehicle was a personal use pickup truck, without commercial markings, but which qualified within the ordinance’s definition of a “commercial vehicle” because it weighed 3/4 of a ton. Id. at 771. The Fourth District held that the subject ordinance was unreasonable and unconstitutional as applied to pickup trucks. Id. at 772. The court found that the ordinance “restricts drivers of pickup trucks from visiting with friends or family by making it illegal to be parked in a residential driveway, or on the hosts’ lawn, or in the street in front of the home after 9:00 p.m. even though the vehicle in question is not truly a commercial vehicle....” [13] Id.
As applied to this case, the city ordinances prohibit anyone driving a personal use light truck from parking in the private driveway of a Coral Gables property owner. Similarly, an owner of a Ford F-150 vehicle is also prohibited from parking in a Coral Gables metered-parking space or other public area of the City during the evening and overnight hours of every single day. Thus, under the subject ordinances, anyone wishing to dine in Coral Gables may not park his/her personal use light truck in any public area of the City or any residential driveway.
The dissent appears to agree that there is a legally significant difference between regulations aimed at a personal use vehicle and those aimed at commercial or recreational vehicles. However, the dissent dispenses with this critical distinction and would uphold the ordinances on the ground that appellant’s personal use light truck “looks commercial.” Presumably, the same reasoning could be used to up *611 hold a prohibition' against the intrusion of Hummers within city limits because they are “military looking.” Like Judge Schwartz, I find this distinction to be frightening. It would allow government to regulate the types of personal use vehicles its citizens drive simply based on their outward appearance. Such a holding embraces George Orwell’s dystopia, where personal rights are subverted by the government.
While affording all appropriate presumptions in favor of the constitutionality of the city ordinances at issue, as applied to appellant’s Ford F-150, these ordinances bear no rational relationship to aesthetics. Nichols Hills, Henley, and Proctor stand for the clear proposition that a municipality may not exercise its police powers to regulate the parking of a personal use light truck based on aesthetic considerations. There is nothing to indicate that property values may be affected by the mere presence of a light truck in a private driveway or public parking space. Without more, there is simply no rational relationship between the parking of a personal use Ford F-150 in a residential neighborhood or public street and aesthetics. That is the case in Coral Gables, as it is in Nichols Hills, and in every town in between.

. Commercial vehicles include tow trucks, dump trucks, and buses, among others, while recreational vehicles may include trailers, campers, motor homes, and boats, among others.

. For example, the dimensions of a Ford F-150 (211.2 inches (Z) x 78.9 inches (w) x 73.7 inches (h)), the vehicle in this case, are comparable to those of a Ford Crown Victoria (212 inches (Z) x 77.3 inches (w) x 58.3 inches (h)) and a Lincoln Town Car (215.4 inches (Z) x 78.5 inches (w) X 59 inches (h)). This vehicle is also smaller than many SUVs. Unlike those of other cities, the ordinances at issue in this case do not contain any limitations concerning the weight or dimensions of trucks being prohibited from driveways or public areas. Such weight and dimension limitations may be enacted by the City to properly regulate much larger commercial use trucks.

. Our case is even more compelling than Proctor since there is no dispute that appellant's Ford F-150 is a personal use vehicle with no commercial markings and does not remotely qualify as a commercial vehicle.