181 So.2d 599 (1965)
CITY OF MIAMI, a municipal corporation of Florida, and Alice C. Wainwright, Appellants,
v.
Willis duPONT and Miren duPont, his wife, Appellees.
No. 65-391.
District Court of Appeal of Florida. Third District.
December 28, 1965.
Rehearing Denied January 26, 1966.
John R. Barrett, City Atty., Edward J. Fitzpatrick, Asst. City Atty., William W. Charles, Horton & Schwartz, Miami, for appellants.
John W. Prunty, Miami, for appellees.
Before CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
By this appeal the defendant City of Miami and the intervenor-defendant Alice C. Wainwright seek reversal of a decree invalidating an inflexible zoning provision which restricted boathouses on residential property to twenty feet in width, forty feet in depth and fifteen feet in height. The circumstances of the case, and the legal propositions involved were set out in the comprehensive final decree entered by the chancellor as follows:
"The plaintiffs instituted this action against the defendant, City of Miami, as a suit in equity attacking the validity and constitutionality of certain sections of the Zoning Ordinance of the City of Miami.
"Section 22(1) and Section 22(4) (a) of Article IV of Ordinance 6871 of the City of Miami limit the structure of boathouses to fifteen (15) feet in height, twenty (20) feet in width and forty (40) feet in depth. The plaintiffs maintain by their Complaint that this is an unreasonable, discriminatory and arbitrary limitation on the permissible size of a boathouse. The plaintiffs challenge the constitutionality and validity of these sections per se and, in the alternative, they challenge the validity of the application of these sections to their property and the contemplated development of same. The plaintiffs contend that these sections offend the equal protection and due process clauses of the Fourteenth Amendment of the Constitution of the United States and Sections 1 and 12 of the Declaration of Rights of the Constitution of the State of Florida, F.S.A. Finally, the plaintiffs allege that they applied for and were denied a variance by the City of Miami Planning and Zoning Board and the City Commission of the City of Miami and that this action was arbitrary and improper.
"The essential allegations of the Complaint are denied by the defendant, City of Miami. The Court subsequently permitted Alice Wainwright as a neighboring property owner, to intervene as a party defendant. This intervening party defendant likewise filed an answer denying *600 the essential allegations of the Complaint.
"After the issues were joined, the Court heard the evidence presented by the parties consisting principally of expert testimony and numerous exhibits. The issues of law were orally argued by counsel for the various parties and memoranda of law were filed. The Court has considered all the pleadings filed and the evidence introduced, together with the argument and memoranda of counsel.
"The evidence disclosed that the plaintiffs are developing certain property which they own as a very large, single family estate-type complex. The property being utilized consists of approximately five (5) acres and is located in the City of Miami in the Coconut Grove Section on Biscayne Bay and St. Gaudens Road. The property has a waterfrontage of approximately two hundred twenty-five (225) feet and extends from the Bay westward approximately eleven hundred feet (1100). The estate will contain structures having a total of approximately thirty thousand (30,000) square feet of area and the development will provide a full range of activities within the estate area, all oriented toward the waterfront. The plaintiffs propose to erect a boathouse on their property, thirty-eight (38) feet in width, ninety-six (96) feet in depth and twenty-four (24) feet in height.
"Plaintiffs' property is presently zoned R 1B by the City of Miami which provides certain minimum requirements for a residence such as a lot size not less than one hundred (100) feet by one hundred (100) feet and a building not less than six hundred fifty (650) square feet in area.
"It was admitted by all parties that the comprehensive zoning ordinance of the City of Miami makes no specific provision for residential estates and has no section dealing entirely with an estate-type development, waterfront or otherwise. Nevertheless, the plaintiffs have been confronted with restrictions which could never have been intended for such estate-size residences.
"The challenged sections of the City of Miami Zoning Ordinance provide arbitrary size limitations for boathouse structures as set forth in plaintiffs' Complaint, to-wit: twenty (20) feet in width, forty (40) feet in depth and fifteen (15) feet in height. These limitations apply to all residential classifications and are imposed without any consideration or relationship to the size, location or use of the property involved or to the size and type of dwelling and other structures placed thereon.
"While the boathouse structure is considered an accessory building by the defendant, City of Miami, no other type of accessory building structure is so arbitrarily restricted by the Zoning Ordinances of the City of Miami. In fact, the evidence showed that accessory structures for various uses, other than for boathouses, could have been erected on the same site location as that of the plaintiffs' proposed boathouse, and that such accessory structures could have been of the same size and design as the proposed boathouse structure.
"It should further be noted that the zoning ordinances of the City of Miami place no limitation or restriction on the size of a private boat which may be docked adjacent to private property, but when the boat is attempted to be placed in a covering or structure, the inflexible restrictions set forth in Sections 22(1) and 22(4) (a), Article IV of Ordinance 6871 of the City of Miami forbids such use.
"The defendants have failed to produce any substantial evidence indicating that any special problems exist with reference to boathouses which would require their strict limitation as to size. Moreover, the defendants have failed to show wherein boathouses possess some special characteristic *601 or effect, directly related to the public health, morals, safety and general welfare of the public, which would require the inflexible special treatment accorded to boathouses by the sections referred to of Ordinance 6871.
"The Coconut Grove area where plaintiffs' property is located and upon which they are erecting one of the largest estate type developments within the last twenty (20) years, is a unique and interesting community. This area is among the oldest sections of the City of Miami, being one of the first locations founded and established by the pioneer settlers of Dade County. It has always enjoyed a uniqueness and a comfortable background of culture and natural beauty. The citizens who have made their homes in this area have, for many years, zealously safeguarded the natural and aesthetic values abounding in this neighborhood. It is evident that these factors led the plaintiffs to select their property and erect their large estate in this particular locale. It is further apparent that the plaintiffs are as anxious as the defendants to preserve the area as a fine home community.
"Anyone who resides in the Greater Miami Area appreciates the beauty of the waterways and the views offered by Biscayne Bay and this Court feels that every precaution should be taken to protect the matter of view and aesthetic considerations with respect to the Bay and waterways of the area within the proscriptions of the law. However, no individual has a vested right to view, light or air space across neighboring or adjacent property. In fact, convincing evidence was introduced to the effect that accessory buildings of a different character or type than a boathouse could be erected in the subject location of the same general design as the proposed boathouse which would have the same effect upon view, light and air as the proposed boathouse structure.
"The defendants have not demonstrated to the satisfaction of this Court that the erection of a boathouse of the size, character and design proposed by the plaintiffs will destroy the view from adjacent property of Biscayne Bay or will have a detrimental impact on the Coconut Grove Area. To the contrary, the evidence indicated that the pretentious development of the plaintiffs is of such a nature that it will make a substantial contribution to the beauty and uniqueness of not only the Coconut Grove area, but of the entire Greater Miami Area.
"Several witnesses on behalf of the defendants testified that good planning demanded that there be some relationship between the size of the property to be utilized for improvement and the size of the structure to be erected. In fact, witnesses on behalf of the City of Miami admitted that the ordinance under attack provided an arbitrary limitation on the size of boathouses which presented a problem needing modification and this problem was presently under study by the professional planning people of the City of Miami.
"In view of the above, the Court finds that Sections 22(1) and 22(4) (a), Article IV of Ordinance 6871 of the Code of Ordinances of the City of Miami by singling out boathouse and placing restrictions on the size of boathouses not so placed on other accessory structures has created an arbitrary, unreasonable and discriminatory classification for boathouse structures. The Court further finds that the restrictions on boathouse structures are so inflexible as to rule out any relationship between the size of the boathouse and the size, location and use of the property involved, or the size and character of the dwelling and other structures thereon. This inflexible limitation emphasizes the arbitrary and discriminatory aspect of the sections of the ordinance under attack. The Court further finds that the sections of the ordinance *602 complained of have no relation to the health, safety, morals or welfare of the public and therefore cannot be justified under the police powers of the state. The Court further finds that the said Sections 22(1) and 22(4) (a) have been arbitrarily and unreasonably applied to plaintiffs' property and that the plaintiffs have fully exhausted all their administrative remedies prior to instituting this action. Therefore, it is
"Considered, Ordered and Decreed as follows:
"1. That the Court has jurisdiction of the parties and the subject matter.
"2. That the equities are with the plaintiffs and the plaintiffs are entitled to the relief sought in their Complaint.
"3. That Subsections (1) and (4) (a) of Section 22, Article IV of the Code of Ordinances of the City of Miami are hereby determined and declared to be arbitrary, discriminatory, unreasonable, unconstitutional, invalid and void and of no further force and effect.
"4. That Subsections (1) and (4) (a) of Section 22 of Article IV of Ordinance 6871 of the Code of Ordinances of the City of Miami are hereby determined and declared to be arbitrary, discriminatory, unreasonable, invalid, unconstitutional and void and of no further force and effect as applied to plaintiffs' property and the proposed development thereon as set forth in plaintiffs' Complaint.
"5. That the defendant, City of Miami, its agents, servants, employees, officials and officers, boards and commissions are hereby restrained and enjoined from in anywise interfering with the construction and erection by the plaintiffs upon the property of the plaintiffs of the boathouse structure proposed in accordance with the plans and specifications referred to in plaintiffs' Complaint set forth in this cause.
"6. That this Court shall retain jurisdiction of the parties and subject matter for the purpose of entering such orders as shall be necessary to carry out the provisions of this decree."
The appellants' brief submits the following point:
"Whether, upon Applicable Principles of Law, and the Testimony Presented, the Chancellor Erred in Determining That the Boathouse Size Restrictions in the City of Miami Zoning Ordinance Are Invalid in Toto and As Applied to the duPont Property."
On consideration thereof in the light of the record and briefs, we conclude that the chancellor correctly disposed of the questions of law applicable to the case, and that no reversible error has been made to appear.
Affirmed.