460 So.2d 379 (1984)
INNKEEPERS MOTOR LODGE, INC., a Georgia Corporation, Appellant,
v.
CITY OF NEW SMYRNA BEACH, Etc., et al., Appellee.
No. 83-921.
District Court of Appeal of Florida, Fifth District.
October 11, 1984.
Rehearing Denied December 11, 1984.
Thomas S. Hart of Thomas S. Hart, P.A., Daytona Beach, for appellant.
*380 Margaret T. Brewer, New Smyrna Beach, for appellee.
SHARP, Judge.
Innkeepers Motor Lodge, Inc. (Innkeepers), appeals from a final judgment that upheld a density cap passed by the electorate of the City of New Smyrna Beach, Florida, in a special referendum election. We reverse because we find that the flat density cap, which cannot be justified by any particular study and which does not allow for the possibility of variance, is arbitrary and unreasonable.
In 1968, Innkeepers purchased a parcel of oceanfront property within the city limits, with the intent of constructing a full service hotel thereon. At the time of the purchase, the property was not subject to density restrictions.[1]
In June 1973, the city electorate incorporated a density cap into the city charter by way of a special referendum election. That density cap limited multifamily dwellings to twelve dwelling units per acre and hotels/motels to twenty-four dwelling units per acre. The group of citizens that initiated the referendum process did not conduct any study to justify the twelve/twenty-four figure; indeed, the figures apparently materialized "out of the air."[2] The density cap applies to New Smyrna Beach across the board, and does not provide for variance procedures.
In 1977, Innkeepers sought approval from New Smyrna Beach to construct a one hundred unit hotel on its property. The city attorney informed Innkeepers that, pursuant to the density cap of twenty-four dwelling units per acre, it could build a maximum of thirty dwelling units because its property contained approximately 1.25 acres.
At a non-jury trial, Innkeepers presented testimony to the effect that the highest and best use of the property, indeed, its only reasonable use, was to build a full service hotel thereon. For the purposes of this appeal, however, we do not consider this question, nor the question of whether Innkeepers showed that the density cap was not reasonably related to valid police powers possessed by the City.
Zoning plans cannot be arbitrarily adopted. See Town of Surfside v. Skyline Terrace Corporation, 120 So.2d 20 (Fla. 3d DCA), cert. denied, 123 So.2d 675 (Fla. 1960). In the case sub judice, it is clear the figures for the density cap were arbitrarily adopted: the group that initiated the referendum process failed to conduct a study to justify the twelve/twenty-four figures for the cap. In fact, no one seems to know where the figures came from.
Further, we point out that usually zoning laws provide for variances to be granted in certain cases, e.g., in cases of unique hardship, in accordance with some governing standard or rule. 8 E. McQuillan, The Law of Municipal Corporations § 25.46 (3d ed. 1983); see Village of Euclid v. Ambler Realty Company, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). The density plan adopted by referendum in this case does not allow for the possibility of a variance. In such a case, a "unique hardship making a zoning ordinance arbitrary, oppressive or confiscatory as to particular property, renders it void and unconstitutional in its application to that property... ." 8 E. McQuillan, supra., at § 25.46.
Because the density cap was arbitrarily adopted, we reverse.
REVERSED.
COWART, J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] The property has undergone various zoning reclassifications. A discussion of such is not germane to the instant appeal, except to note that the property had the necessary zoning classification to build a hotel thereon at the time of the suit.
[2] Although the City of New Smyrna Beach did conduct density studies both before and after the referendum, it did not participate in the formulation of the twelve/twenty-four figures, nor has it ever recommended these particular figures.