627 So.2d 586 (1993)
TOWN OF PONCE INLET, a Florida municipal corporation, Petitioner,
v.
Edmond R. RANCOURT and Paula Rancourt, husband and wife, Respondents.
No. 93-1667.
District Court of Appeal of Florida, Fifth District.
December 3, 1993.
*587 Robert J. Riggio of Owens & Riggio, P.A., and Mark J. Chmielarski, Daytona Beach, for petitioner.
Peter B. Heebner of Heebner, Baggett, Prechtl and Ellis, Daytona Beach, for respondents.
PETERSON, Judge.
The Town of Ponce Inlet (Town) petitions for a writ of certiorari seeking review of the circuit court's order granting a writ of certiorari. The circuit court's order directed the Town's Board of Adjustment to hold a de novo hearing on the Rancourts' petition for a variance of the Town's setback ordinance. We grant the Town's petition and quash the circuit court's order.
The Rancourts purchased oceanfront property on which was located a partially completed house. In completing the construction, they deviated from the plans submitted for the Town's issuance of a building permit by constructing a screened pool enclosure into the eight foot side setback required by section 700.09 of the Town's ordinance 85-27. After receiving a notice of violation the Rancourts filed an application for a variance to allow the encroachment.
During the hearing on the variance application, letters from two neighbors were submitted indicating absence of objections and Rancourts' counsel argued that they would suffer economic hardship if the encroachment was removed and that removing the encroachment would expose the pool to the elements. He candidly admitted that the location of the enclosure was a "matter of personal preference" and that if it was extended only to the roof line of the house, the pool would have protection although the size of the usable pool area would be reduced.
Relying upon this court's decision in Snyder v. Board of County Com'rs of Brevard County, Fla., 595 So.2d 65 (Fla. 5th DCA 1991), the circuit court granted the application for the writ. In Snyder this court held that a rezoning decision is subject to close judicial scrutiny and that effective judicial review, constitutional due process, and other essential requirements of law require a governmental agency to state reasons for its action and to make findings of fact. We also held that the initial burden is on a landowner to demonstrate that his application complies with the reasonable procedural requirements of the ordinance and is consistent with the comprehensive land use plan. Upon meeting this burden, this court held that a landowner is presumptively entitled to use his property in the manner sought unless the agency asserts and proves by clear and convincing evidence that a specifically stated public necessity requires a more restrictive use.
The supreme court partially reversed Snyder in Board of County Commissioners v. Snyder, 627 So.2d 469 (Fla. 1993) by specifically holding that an agency would not be required to make findings of fact but that on review of a quasi-judicial decision a circuit court must determine whether there was competent substantial evidence presented to support the agency's decision. The basis for the circuit court's decision in the instant case was the agency's failure to make findings of fact. The trial court properly relied on this *588 court's then-existing decision in Snyder, but both the trial court and this court must now follow the standard later reestablished by the supreme court, that is, whether there was substantial evidence to support the denial of the variance.
In Nance v. Town of Indialantic, 419 So.2d 1041 (Fla. 1982), the supreme court held that a prerequisite to the granting of a zoning variance is the presence of an exceptional and unique hardship. The hardship cannot be self created. Josephson v. Autrey, 96 So.2d 784 (Fla. 1957). The hardship cannot be one of mere economic disadvantage. See Metropolitan Dade County v. Reineng Corp., 399 So.2d 379 (Fla. 3d DCA 1981); Burger King v. Metropolitan Dade County, 349 So.2d 210 (Fla. 3d DCA 1977), appeal dism'd., 355 So.2d 512 (Fla. 1978).
No evidence was presented to the Board of Adjustment in the instant case other than the neighbors' letters showing lack of objection,[1] pictures of the Rancourts' property, and section 1003.01 of the zoning ordinance. The record indicates that one of the Board members reviewed the requirements of section 1003.01 which must be met before a variance is granted, and remarked that none of the requirements had been met. We agree that the requirements were not met:
1. The first requirement is that there must be a special condition peculiar to the land or building not applicable to others in the same zoning classification. The Rancourts argued that they had an approved wall constructed within the setback area. However, this was not unique because it appears that the ordinance allows a wall within the setback area for similarly zoned property.
2. The second requirement is that the special condition must not result from the applicant's actions. The Rancourts admitted that the screen enclosure did not exist when they purchased the property, that the approved plans did not show the enclosure, and that a permit was never sought. Additionally, Mr. Rancourt had developed other property in the town and he should have been familiar with the zoning ordinances. The special condition requiring the variance occurred as a direct result of the Rancourts' unilateral and unauthorized action in violation of the existing zoning ordinance.
3. The third requirement is that literal interpretation of the ordinance would work an unnecessary and undue hardship on the Rancourts, depriving them of rights commonly enjoyed by others of the same zoning classification. The Rancourts argued only that the enclosure was already in place and that they would suffer economically if required to remove it. They further initially argued that the pool could not be screened if the existing enclosure was disallowed; this argument was later modified when it was admitted that the pool could still be enclosed but that it would result in several feet of "unusable" land between a rear enclosure and the wall. The argument fails because the hardship was one of mere economic disadvantage and because it was self-created.
4. No evidence was presented to support the final two requirements that the variance be the minimum necessary to allow reasonable use and that granting it would be in harmony with the general intent of the zoning ordinance.
Accordingly, we quash the circuit court's order and grant the Town's petition.
PETITION GRANTED; ORDER QUASHED.
HARRIS, C.J., and DIAMANTIS, J., concur.
NOTES
[1] The agreement of neighbors should not be a sufficient or sound basis to allow a variance although it could be a consideration in a close case. Neighbors and their attitudes change from time to time while the variance does not. Objections of neighbors have been determined to be insufficient to deny a zoning application. Pollard v. Palm Beach County, 560 So.2d 1358 (Fla. 4th DCA 1990); City of Apopka v. Orange County, 299 So.2d 657 (Fla. 4th DCA 1974).