**The STATE of Ohio, Appellee,**

v.

**LANHAM, Appellant.**

[Cite as *State v. Lanham* (1995), 107 Ohio App.3d 533.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA95–03–021.

Decided Nov. 27, 1995.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*Paul R. Yelton,* for appellant.

---

WALSH, Presiding Judge.

Plaintiff-appellant, Arch Lanham, appeals his convictions for permitting an unlicensed motor vehicle to remain on his premises for a period of more than thirty days in violation of Monroe Township Zoning Resolution Article IV, Section 10(E) and R.C. 519.02.[1]

On December 15, 1994, appellant was cited by the zoning inspector of Monroe Township, Clermont County, Ohio for permitting an unlicensed motor vehicle to remain on his premises for more than thirty days. On January 26, 1995, appellant was cited for forty-two additional violations, one for each day the motor vehicle remained on his property following the December 15, 1994 citation.

On February 8, 1995, the Clermont County Municipal Court found appellant guilty as charged. Appellant now appeals, setting forth the following assignments of error:

Assignment of Error No. 1:

"The Clermont County Municipal Court erred and abused its discretion in finding that the provisions of Article IV, Section 10, Paragraph E of the Monroe Township Zoning Ordinance which prohibits unlicensed vehicles, or junk, which includes unlicensed motor vehicles, as defined in Article III, to remain on the premises in any district for a period of more than thirty (30) days, and for which violation a criminal penalty is provided under Article VI, Section 7, is a valid exercise of the police power of the township and is authorized and permitted under the provisions of Section 519.02, Ohio Revised Code, which allows township trustees to regulate the uses of land for the purpose of promoting the public health, safety, and morals."

Assignment of Error No. 2:

"The Clermont County Municipal Court erred in failing to declare that Article IV, Section 10, Paragraph E of the Monroe Township Zoning Ordinance constitutes the taking of appellant's property without due process of law and denied him equal protection of the law, in violation of the United States and Ohio Constitutions."

---

1. R.C. 519.02 allows township trustees to request land use in an unincorporated territory for the purpose of promoting the public health, safety and morals.

■ In his first assignment of error, appellant contends that Monroe Township Zoning Ordinance Resolution IV, Section 10(E), which prohibits unlicensed motor vehicles from being on a premises for more than thirty days, is unconstitutional. Appellant argues that the location of an unlicensed motor vehicle on his premises for more than thirty days does not adversely affect the public health, safety, morals or general welfare of the community.

■ It is well settled that a zoning regulation, like all properly enacted legislation, is entitled to a presumption of validity. *Valley Auto Lease of Chagrin Falls, Inc. v. Auburn Twp. Bd. of Zoning Appeals* (1988), 38 Ohio St.3d 184, 527 N.E.2d 825. Additionally, the party challenging the validity of the zoning classification has the burden of removing that presumption. *Id.*

■ "[I]n order to invalidate a zoning regulation on constitutional grounds, the part[y] attacking it must demonstrate, beyond fair debate, that the zoning classification denies [it] the economically viable use of [its] land without substantially advancing a legitimate interest in the health, safety, or welfare of the community." *Ketchel v. Bainbridge Twp.* (1990), 52 Ohio St.3d 239, 243, 557 N.E.2d 779, 783, citing *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350, 1357–1358. Thus, in order for appellant to prove that the zoning ordinance was unconstitutional, he must demonstrate, beyond fair debate, that the zoning regulation denied him an economically feasible utilization of his land, or that the regulation did not advance the health, safety, or welfare of the community. See *Ketchel.*

Monroe Township Zoning Resolution Article IV, Section 10(E), provides:

"No abandoned, wrecked, dismantled or totally disabled automobiles, single or double wide mobile homes, trucks, trailers, aircraft, discarded furniture, appliances, unlicensed vehicles, or other miscellaneous materials or junk, as defined in Article III shall be permitted to remain on the premises in any district for a period of more than thirty (30) days."

"Junk" is defined in Article III, Section 11 as "[a] term collectively used for scraps or pieces or accumulation of paper, glass, metal, appliances, pictures, furniture, abandoned, unuseable or unlicensed motor vehicles and similar refuse."

We can foresee many situations where removing abandoned, wrecked, dismantled or totally disabled automobiles and other "junk" as defined by Article III, Section (11), would advance a legitimate interest in the health, safety, or welfare of the community. *Id.* However, as applied under the facts of this case, Monroe Township Zoning Resolution Article IV, Section 10(E) is unconstitutional because it does not further any legitimate state interest.

A review of the record indicates that appellant's motor vehicle was not equated with the term "junk" as it is defined in the zoning ordinance beyond the mere fact that it was unlicensed. The zoning inspector testified that the vehicle did not appear to be abandoned, wrecked, dismantled or disabled. The zoning inspector further testified that the health, safety, and general welfare of the community had not been adversely affected by the presence of appellant's motor vehicle and that no one had complained about its presence on appellant's property. We conclude that appellant has demonstrated "beyond fair debate" that the zoning ordinance prohibiting his unlicensed motor vehicle from being on his property for more than thirty days does not advance a legitimate interest in the health, safety, or welfare of the community and is unconstitutional as applied in this case. See *Ketchel*. Accordingly, appellant's first assignment of error is sustained.

Because of our disposition of appellant's first assignment of error, appellant's second assignment of error is moot. The judgment of the trial court is hereby reversed and vacated.

*Judgment reversed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.