684 So.2d 876 (1996)
SUNSHINE KEY ASSOCIATES LIMITED PARTNERSHIP, Appellant,
v.
MONROE COUNTY, Florida, etc., Appellee.
No. 95-1944.
District Court of Appeal of Florida, Third District.
December 18, 1996.
*877 Greenman & Manz and Franklin Greenman, Marathon, for appellant.
Morgan & Brookes and Ralf Brookes, Sarasota; James T. Hendrick, Key West, for appellee.
Before SCHWARTZ, C.J. and NESBITT and FLETCHER, JJ.
NESBITT, Judge.
In June 1992, the Director of Planning for Monroe County prepared and forwarded a memorandum to the Monroe County Growth Management staff advising them that actions previously taken by the county were contrary to the Monroe County Code and that certain "park models" were no longer to be allowed in land-use districts designated for recreational vehicles (RV's). After that memorandum, Monroe County Code Enforcement began proceedings against Sunshine Key Associates Limited Partnership, owner and operator of an RV park on Ohio Key in Monroe County. The park timely filed an administrative appeal, arguing the classification of park models as mobile homes was arbitrary and without reason. The Monroe County Planning Commission heard the park's appeal and denied it. The park appealed that decision to the Board of County Commissioners. The Board denied the park's appeal.
The park then filed the instant action in the circuit court for declaratory and injunctive relief, and damages. See State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla. 1 DCA 1977); (holding "... Administrative Procedure Act does not and cannot displace circuit court jurisdiction to enjoin enforcement of facially unconstitutional agency rules. [citations omitted] That jurisdiction remains unimpaired, a necessary concomitant of the judicial power vested in the circuit courts by Article V, Sections 1 and 5 of the Constitution."); see also Department of Environmental Regulation v. Falls Chase Special Taxing Dist., 424 So.2d 787 (Fla. 1 DCA 1982)(same). Consequently, the constitutional claim of the park was not barred by doctrine of administrative res judicata.
Before the June 1992 memorandum, Monroe County had allowed RV's, including park models, to stay at Sunshine Key's park on a transient basis irrespective of the unit's size or length. With the passage of the Monroe County Land Development Regulations in 1986, the county defined RV in the Monroe County Code, in part, as a vehicle of less than eight feet in width, a definition similar to the Florida Statutes definition of RV in effect at the time of the drafting of the regulations. The State of Florida amended its statutory definition to accommodate RV's of greater width prior to the passage of the regulations, however, the county did not amend its definition.[1]
*878 Also, with the passage of the revised regulations, the county defined mobile homes[2] and included in the definition of mobile home "expandable recreational vehicles, known as `park models' designed and built as a permanent residence, the structure for which is ... in excess of eight (8) feet in width." In March 1992, Sunshine Key submitted building permit applications to provide tie-downs and concrete slabs for five existing park models and in April 1992, applied for three after-the-fact permits for existing electrical hookups for similar park models. It was several months later that the county began its enforcement action against Sunshine Key.
The essence of the park's argument is that to the extent that the RV regulation defines RV's as vehicles not exceeding eight feet in width, the regulation is arbitrary, and without logic or reason. An arbitrary classification is one that has no reasonable or practical basis for its application. See Florida League of Cities, Inc. v. Department of Environmental Regulation, 603 So.2d 1363 (Fla. 1st DCA 1992) (holding "Some reasonable basis" standard is proper basis for deciding whether challenged statute survives rational basis standard under Florida Constitution); see also Florida Citrus Comm'n v. Owens, 239 So.2d 840 (Fla. 4th DCA 1969), cert. denied, 242 So.2d 873 (Fla.1971) (Citrus Commission regulation as applied to citrus grower prohibiting him from marketing his fruit as "Indian River Citrus" held to be arbitrary.)
As both parties conceded at oral argument, the industry is moving towards wider vehicles. Many new vehicles are over eight feet wide yet meet all remaining regulatory criteria for RV designation, including the critical distinction of being "road ready." The county argues the models at issue were permanently placed on the site, making their designation as mobile homes proper. As conceded by the park, some owners had affixed sheds, porches, and other attachments to their vehicles, inhibiting their "road ready" capabilities. This explains why in an on-site inspection, the trial judge observed vehicles which she concluded were not readily movable. However, as the park points out, if classified as RV's, these additions would be code violations by the individual owners and thus, should not be determinative of the classification of these vehicles when not so encumbered.
The trailers here were of the plug-in variety, and connected to the potable water sources by garden hoses. The testimony was that they were transportable and used as transient living quarters. As the trial judge concluded in her final judgment, use of the park models, "meets all of the definitions of recreational vehicles as found in 9.5-4 Monroe County Land Development Regulations except that their width exceeds 8 ft."
Accordingly, we reverse the trial court's order and find the width distinction in the regulation defining recreational vehicles is arbitrary, and as such, unenforceable. The judgment is reversed and remanded for further proceedings.
NOTES
[1] Monroe County Code Section 9.5-4 defines a recreational vehicle as:

(R-6) Recreational vehicle means a vehicle or portable structure built on a chassis and designed as a dwelling for travel, recreation or vacation for tenancies or less than six (6) months; which has a transportable body width not exceeding eight (8) feet and a length not exceeding thirty-five (35) feet; and which does not qualify as mobile home; and:
(1) The travel trailer or park trailer has been placed in a travel trailer park, campground or a storage yard;
(2) The travel trailer or park trailer has current licenses required for highway travel; and
(3) The travel trailer or park trailer is highway ready. This means that the travel trailer or park trailer is on it wheels or internal jacking system and attached to this site only by the quick disconnect-type utilities commonly used in campgrounds and trailer parks or by security devices. No permanent additions such as Florida rooms shall be permitted. (Ord. No. 21-1989, § 1 (PD193N(a))).
[2] Monroe County Code Section 9.5-4 defines a mobile home as:

(M-13) Mobile home means a structure transportable in one (1) or more sections which structure is eight (8) body feet (2.4 meters) or more in width and over thirty-five (35) feet in length, which structure is built on an integral chassis and designed to be used as a dwelling when connected to the required utilities and includes the plumbing, heating, air conditioning and electrical systems contained therein, including expandable recreational vehicles, known as "park models" designed and built as a permanent residence, the structure for which is thirty-five (35) feet or less in length and in excess of eight (8) feet in width.