732 So.2d 1152 (1999)
PINELLAS COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Mary Ellen FIORE, and Suncoast Toys, Inc., a Florida corporation, Appellees.
No. 98-00886.
District Court of Appeal of Florida, Second District.
April 14, 1999.
*1153 Carl E. Brody, Jr., Assistant County Attorney, Clearwater, for Appellant.
Karen Meyer Buesing and Luisette Gierbolini of Zinober & McCrea, P.A., Tampa, for Appellees.
NORTHCUTT, Acting Chief Judge.
Pinellas County ordinance 97-60 regulates the playing of bingo. Among its provisions is a decree that "no video games, slot machines, or skill machines... shall be allowed on any premises where a bingo game is being conducted." Suncoast Toys, Inc. leases toy crane machines, which are skill machines within the meaning of the ordinance, to bingo halls and other businesses. Suncoast and its owner, Mary Ellen Fiore, filed a declaratory action challenging the constitutionality of the quoted edict as applied to the toy crane machines. In due course, the circuit court rendered an amended judgment declaring that the part of the ordinance regulating skill machines was unconstitutional.
The court advanced many grounds for its ruling. These included a finding that the contested provision failed to pass the rational basis test, the standard for determining the validity of legislation that does not impinge upon constitutionally protected conduct. See Pinillos v. Cedars of Lebanon Hosp. Corp., 403 So.2d 365, 367 (Fla. 1981) (applying rational basis test to equal protection claim); DeWeese v. Town of Palm Beach, 812 F.2d 1365, 1367 (11th Cir.1987) (using rational basis test to determine substantive due process claim). The court specifically found that prohibiting forms of entertainment that are not gambling bore no rational relationship to the county's asserted governmental interests in passing the ordinance. We affirm the amended declaratory judgment on that basis.
Affirmed.
CASANUEVA, J., and QUINCE, PEGGY A., Associate Judge, Concur.