802 So.2d 1154 (2001)
MIAMI-DADE COUNTY, etc., Petitioner,
v.
Victoria R. BRENNAN, Respondent.
No. 3D01-1814.
District Court of Appeal of Florida, Third District.
November 21, 2001.
*1155 Robert A. Ginsburg, Miami-Dade County Attorney and Joni Armstrong Coffey, Assistant Miami-Dade County Attorney, for petitioner.
H. Scott Fingerhut, Miami, for respondent.
Before SCHWARTZ, C.J., and FLETCHER and SORONDO, JJ.
PER CURIAM.
Because the circuit court obviously and improperly reweighed conflicting evidence presented at the zoning hearing and substituted its judgment for that of the zoning board, we quash the decision under review, which set aside the board's denial of a variance sought by the respondent. Dusseau v. Metropolitan Dade County, 794 So.2d 1270 (Fla.2001); Metropolitan Dade County v. Blumenthal, 675 So.2d 598 (Fla. 3d DCA 1995), review dismissed, 680 So.2d 421 (Fla.1996).
Certiorari granted.
SCHWARTZ, C.J., and FLETCHER and SORONDO, JJ., concur.
FLETCHER, Judge (concurring).
I agree that the circuit court, appellate division, substituted its judgment for that of the county board and thus the court's opinion must be quashed. I write this concurrence, however, to remark on the failure of the Miami-Dade County Code to provide any meaningful standards to guide county boards in approving or denying "non-use" (as opposed to "use") variances.[1]
Initially it should be noted that an "unnecessary hardship"[2] standard meets constitutional muster for the determination by zoning boards of whether to deny or grant variances (whether non-use or use in nature). Clarke v. Morgan, 327 So.2d 769 (Fla.1975); Tau Alpha Holding Corp. v. Board of Adjustments of City of Gainesville, 126 Fla. 858, 171 So. 819 (1937). Unnecessary hardship thus has almost uniformly (Miami-Dade County being the partial exception) been the standard throughout the communities of the state for the granting of variances. E.g., Nance v. Town of Indialantic, 419 So.2d 1041 (Fla.1982); Clarke v. Morgan, 327 So.2d 769 (Fla.1975)[City of Tampa]; Josephson v. Autrey, 96 So.2d 784 (Fla.1957)[City of Daytona Beach]; Tau Alpha Holding Corp. v. Board of Adjustments, 126 Fla. 858, 171 So. 819 (1937)[City of Gainesville]; Town of Ponce Inlet v. Rancourt, 627 So.2d 586 (Fla. 5th DCA 1993); Maturo v. City of Coral Gables, 619 So.2d 455 (Fla. 3d DCA 1993); Herrera v. City of Miami, 600 So.2d 561 (Fla. 3d DCA 1992); Bernard v. Town Council of Palm Beach, 569 So.2d 853 (Fla. 4th DCA 1990); Thompson *1156 v. Planning Comm'n, 464 So.2d 1231 (Fla. 1st DCA 1985)[City of Jacksonville]; Bell v. City of Sarasota, 371 So.2d 525 (Fla. 2d DCA 1979); Board of Adjustment of City of Ft. Lauderdale v. Kremer, 139 So.2d 448 (Fla. 2d DCA 1962).
Once upon a time unnecessary hardship had been the standard for all variances in Miami-Dade County's unincorporated area. See, e.g., Rayan Corp. v. Board of County Commissioners of Dade County, 356 So.2d 1276 (Fla. 3d DCA 1978); Burger King Corp. v. Metropolitan Dade County, 349 So.2d 210 (Fla. 3d DCA 1977); Servatt v. Dade County, 173 So.2d 175 (Fla. 3d DCA 1965); Dade County v. Frank N' Bun Operating Co., 169 So.2d 875 (Fla. 3d DCA 1964). Notwithstanding that the unnecessary hardship standard applied to all variances, whether use or non-use, in Hemisphere Equity Realty v. Key Biscayne Property Taxpayers Ass'n, 369 So.2d 996 (Fla. 3d DCA 1979), Dade County attempted to convince the Dade County Circuit Court and this court that while use variances required proof of an unnecessary hardship, non-use variances did not. Dade County did not succeed:
"[Dade County and Hemisphere Equity Realty] argue[ ] that the `hardship' cases apply only to so-called `use variances,' as opposed to `non-use variances' involved in this case. The law is otherwise."
Hemisphere Equity Realty, at 1001. (Quoting circuit court with approval.)
After Dade County failed to prevail in this argument it amended its zoning code in such a fashion as to continue to require proof of an unnecessary hardship in order for an applicant to obtain a use variance, but amended it to eliminate the requirement of proving an unnecessary hardship for non-use variances. See § 33-311(A)(4)(a) and (b), Miami-Dade County Code. Specifically subsection (b) provides in pertinent part:
"[T]he Board ... may grant a non-use variance upon a showing by the applicant that the non-use variance maintains the basic intent and purpose of the zoning, subdivision and other land use regulations, which is to protect the general welfare of the public, particularly as it affects the stability and appearance of the community and provided that the non-use variance will be otherwise compatible with the surrounding land uses and would not be detrimental to the community." [e.s.]
When analyzed, it becomes clear that this non-use variance language is nothing more than an abbreviated restatement of the basic intent and general purpose of zoning.[3] The language is too indefinite to suffice as a standard for boards to apply in reaching their decisions. It places the quasi-judicial zoning boards in a position where they are able to amend the zoning regulations within the various categories (such as RU-1, RU-2, BU-1, etc.) on specific *1157 application so as to create non-uniform requirements for properties within the same zoning category. Obviously amending the zoning regulations themselves is a legislative function which cannot be delegated to a quasi-judicial board, including the county commission when it is sitting as a quasi-judicial body. E.g., City of Miami v. Save Brickell Ave., Inc., 426 So.2d 1100 (Fla. 3d DCA 1983). The nonuse variance code provision is thus unconstitutional as lacking sufficient guidelines. E.g., North Bay Village v. Blackwell, 88 So.2d 524 (Fla.1956).[4]
The lack of the unnecessary hardship standard also affects the provision's validity for an additional reason. As stated in McQuillin Municipal Corporations, Vol. 8, § 25.46 at 155-56:
"Unique hardships arising from literal enforcement of zoning laws usually constitute grounds for variances to be permitted by boards of adjustment ... within their discretion in accordance with a governing standard or rule established by the zoning laws. In the absence of such a provision for variances, unique hardship making a zoning ordinance arbitrary, oppressive or confiscatory as to particular property, renders it void and unconstitutional in its application to that property, even though the zoning measure may in its general aspects be valid."
The Fifth District Court of Appeal in Innkeepers Motor Lodge, Inc. v. City of New Smyrna Beach, 460 So.2d 379, 380 (Fla. 5th DCA 1984), agreeing with McQuillin, stated:
"The density plan [of New Smyrna Beach] ... does not allow for the possibility of a variance. In such a case, a `unique hardship making a zoning ordinance arbitrary, oppressive or confiscatory as to particular property, renders it void and unconstitutional in its application to that property...."
In Miami-Dade County's unincorporated area a person seeking a non-use variance based on a legitimate unnecessary hardship is left with no administrative remedy, there being no code authorization for hardship non-use variances.
Although the county's zoning boards have been granted the power to approve or deny applications arbitrarily, no party in this case has challenged the code provision's validity. We have no choice but to quash the circuit court's decision and allow the board to exercise its non-use variance power as it sees fit (in this case).
SCHWARTZ, C.J., and SORONDO, J., concur.
NOTES
[1] "Non-use" variances are departures from the zoning code regulations for such matters as setback lines, frontage requirements, subdivision of land, height limitations, lot size restrictions, yard requirements, etc. See § 33-311(A)(4)(b), Miami-Dade Code. "Use" variances are departures which permit a use other than those prescribed by the zoning regulations for the zoning category in which the property is located. § 33-311(A)(4)(a).
[2] "Unnecessary hardship" has generally been defined as a non-self created characteristic of the property in question which renders it virtually impossible to use the land for the purpose or in the manner for which it is zoned. See, e.g., Hemisphere Equity Realty v. Key Biscayne Property Taxpayers Ass'n, 369 So.2d 996 (Fla. 3d DCA 1979).
[3] Section 33-311(A) is the Miami-Dade Zoning Code's statement of basic intent and general purpose. It reads in pertinent part:

"[T]he purpose of zoning and regulations is to provide a comprehensive plan and design to lessen the congestion in the highways; to secure safety from fire, panic and other dangers, to promote health, safety, morals, convenience and the general welfare; to provide adequate light and air; to prevent the overcrowding of land and water; to avoid undue concentration of population; to facilitate the adequate provisions of transportation, water, sewerage, schools, parks and other public requirements, with the view of giving reasonable consideration among other things to the character of the district or area and its peculiar suitability for particular uses and with a view to conserving the value of buildings and property and encouraging the most appropriate use of land and water throughout the County."
[4] The non-use variance code provision's use of the word "may" [grant a variance] also casts doubt on its validity. See City of Miami v. Save Brickell Ave. Inc.; City of St. Petersburg v. Schweitzer, 297 So.2d 74, 77 (Fla. 2d DCA 1974), cert. denied, 308 So.2d 114 (Fla. 1975).