958 So.2d 433 (2007)
Robert S. FINE and Isabel Fine, Petitioners,
v.
CITY OF CORAL GABLES, Respondent.
No. 3D06-3149.
District Court of Appeal of Florida, Third District.
May 2, 2007.
Rehearing Denied June 19, 2007.
Robert S. Fine, Edward G. Guedes, and Paul C. Savage, Miami, for petitioners.
Robert S. Glazier, Miami; Elizabeth M. Hernandez, City Attorney, for respondent.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The petitioners, Robert S. Fine and Isabel Fine ("the Fines"), petition for second-tier certiorari review of an order entered by the circuit court, sitting in its appellate capacity, which affirmed the decision of the Coral Gables City Commission ("the Commission"), denying the Fines' request for a variance. We deny the petition.
The Fines applied for a variance with the City of Coral Gables ("City"), seeking to have a metal roof placed on their single-family home. Following a hearing before the City's Board of Adjustment ("Board"), the Board adopted a resolution denying the variance. Thereafter, the Fines appealed to the Commission, and the Commission entered a resolution denying the Fines' appeal and affirming the Board's decision. The evidence presented before the Board and Commission demonstrates that the City has not granted variances for metal roofs to other homeowners in the Fines' immediate neighborhood.
The Fines filed a timely first-tier petition for writ of certiorari in the appellate division of the circuit court, seeking review of the Commission's resolution. Without issuing an order to show cause to the City or granting oral argument, the circuit *434 court denied the Fines' petition. Thereafter, the circuit court entered an order denying the Fines' motion for rehearing, stating that the petition for writ of certiorari was denied pursuant to Florida Rule of Appellate Procedure 9.100(h).
The scope of our review on second-tier certiorari is whether the circuit court afforded procedural due process and whether it applied the correct law. Dusseau v. Metropolitan Dade County Bd. of County Comm'rs, 794 So.2d 1270, 1273 (Fla.2001). In this petition, the Fines raise several arguments, which we address individually in this opinion.
The Fines assert that the circuit court failed to apply the correct law by not issuing an order to show cause to the City or granting oral argument. We disagree. The reviewing court, which in this case was the circuit court acting in its appellate capacity, reviews the petition to determine whether it demonstrates a preliminary basis for relief. If the petition demonstrates a preliminary basis for relief, the reviewing court will either issue a rule to show cause or order a response to the petition.
Rule 9.100(h) of the Florida Rules of Appellate Procedure provides that:
If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted. In prohibition proceedings such orders shall stay further proceedings in the lower tribunal.
(Emphasis added). See also Fla. R. Civ. P. 1.630(d)(providing that "[i]f the complaint shows a prima facie case for relief, the court shall issue: (1) a summons in certiorari").
Neither rule 9.100(h) nor rule 1.630 requires the reviewing court to issue a show cause order or to order a response to the petition if the petition does not demonstrate a preliminary basis for relief. See Wingate v. State, Dep't of Highway Safety & Motor Vehicles, 442 So.2d 1023 (Fla. 5th DCA 1983)(denying second-tier petition for writ of certiorari even though circuit court sitting in its appellate capacity declined to issue an order to show cause based on its determination that the petitioner failed to state a preliminary basis for relief).
In the instant case, the circuit court denied the Fines' petition for writ of certiorari without issuing an order to show cause requiring a response by the City. This clearly was not error, as our review of the petition filed by the Fines reflects that no response was necessary as the Fines failed to establish an "unnecessary hardship," an essential element when seeking a variance. See Miami-Dade County v. Brennan, 802 So.2d 1154, 1155 (Fla. 3d DCA 2001). "`Unnecessary hardship' has generally been defined as a non-self created characteristic of the property in question which renders it virtually impossible to use the land for the purpose or in the manner for which it is zoned." Id. at 1155 n. 2 (Fletcher, J., concurring); see also Maturo v. City of Coral Gables, 619 So.2d 455, 456 (Fla. 3d DCA 1993)(stating that "a legal hardship will be found to exist only in those cases where the property is virtually unusable or incapable of yielding a reasonable return when used pursuant to the applicable zoning regulations"); Herrera v. City of Miami, 600 So.2d 561, 562 (Fla. 3d DCA 1992)(holding that a variance may be issued only when no reasonable use can be made of the property without the variance). As the petition did not establish *435 the requisite hardship, the circuit court did not fail to apply the correct law by not requiring the respondent to respond before denying the petition.
The Fines also object to being denied the ability to orally argue their petition. The reviewing court, even when it finds that a preliminary showing has been made in the petition, is not required to grant the petitioner's request for an oral argument. See Fla. R. App. P. 9.320 ("Oral argument may be permitted in any proceeding. . . . ")(emphasis added).
The Fines also argued below that the denial of their variance violated their constitutional guarantee of equal protection as the City of Coral Gables had granted variances to other similarly situated homeowners. However, as the evidence presented before the Board and Commission demonstrates that the City has not granted variances for metal roofs to other homeowners in the Fines' immediate neighborhood, we disagree.
We find equally unpersuasive the Fines' contention that the circuit court applied the incorrect law in finding that the Commission did not violate the Fines' due process rights by not permitting Mr. Thomas Mooney to testify as an expert at the hearing before the Commission. As previously addressed in this opinion, to obtain a variance, the Fines were required to demonstrate an unnecessary and undue hardship. Mr. Mooney was permitted to testify, but because he was not previously listed as a witness, he was not permitted to render expert opinions. Mr. Mooney's testimony was as to the availability of roofing materials, the durability of metal roofs, and the compatibility of metal roofs with the Fines' neighborhood. Mr. Mooney did not offer any evidence establishing that the roofing provisions of the Coral Gables Zoning Code worked an unnecessary and undue hardship on the Fines. The circuit court, therefore, applied the correct law in finding that the Commission did not violate the Fines' due process rights in not allowing Mr. Mooney to testify as an expert.
Accordingly, we deny the petition.