SCHWARTZ, Senior Judge.
Kuvin appeals a final declaratory judgment in favor of the City of Coral Gables which upheld the validity of ordinances he violated by parking his personally-used pickup truck on a street in a residential area of the municipality. Coral Gables is justly regarded by itself, by its citizens, and by the entire community as The City Beautiful.[1] Famously, and in most cases appropriately, it seeks to maintain that reputation by enacting and strictly enforcing rigorous restrictions on the design and construction of commercial and residential structures in the City. In this case, however, we conclude that the City has uncon *605 stitutionally crossed the line into an impermissible interference with the personal rights of its residents and therefore reverse the judgment below.
I.
In 2003, Kuvin lived in the City in a rental home with no garage. On February 7 of that year, after a previous warning, he parked his Ford F-150 overnight on the public asphalt in front of his residence. This conduct violated both sections 8-4.1[2] and 8-12[3] of the City’s Zoning Code, which respectively prohibit parking a “truck”[4] (the definition of which clearly includes an F-150) anywhere at any time in a residential area (including a private driveway) or on a public street between 7:00 p.m. and 7:00 a.m. On March 12, a Gables hearing officer found him guilty and assessed fees and costs against him.
Kuvin subsequently filed a complaint in the circuit court[5] and then a motion for summary judgment, asserting, on various grounds, including the invalidity of sections 8-11 and 8-12, that his conviction had been unconstitutionally secured. The City responded and filed a cross-motion for summary judgment, which was granted.
II.
We reverse that ruling because there is no lawful basis for this restriction of the freedom of the residents of the City. The City seeks to justify it as an allegedly appropriate exercise of its general police power over the safety, morals and general well-being of its citizens and the particular authority to regulate zoning and land use in the city. We find, however, that the only proposed and even arguable rationales for this use of the power entirely fail the requirement for a discernible rational relationship between a municipal regulation and the advancement of a governmental goal the City has a right to promote or the discouragement of what it has a right to restrict. See County Bd. of Arlington County v. Richards, 434 U.S. 5, 98 S.Ct. 24, 54 L.Ed.2d 4 (1977); Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395, 47 S.Ct. 114, 71 L.Ed. 303 (1926); Dep’t of Cmty. Affairs v. Moorman, 664 So.2d 930 (Fla.1995), cert. denied, 519 U.S. 822, 117 *606 S.Ct. 79, 136 L.Ed.2d 37 (1996); City of Miami Beach v. Lachman, 71 So.2d 148 (Fla.1954), appeal dismissed, 348 U.S. 906, 75 S.Ct. 292, 99 L.Ed. 711 (1955). In our view, therefore, the ordinances are clearly invalid as applied to the appellant and his vehicle:[6]
(a) First, the truck parking ban cannot be related to what might be, at least as to section 8-11, a permissible attempt to preserve the residential character of a neighborhood by excluding commercial uses. See Parking Facilities, Inc. v. City of Miami Beach, 88 So.2d 141 (Fla.1956). This is so for the very simple reason that the ordinances are not restricted to “commercial” vehicles and admittedly include the truck involved here, which serves only the personal use of a resident who both owns the vehicle and lives in Coral Gables.
(b) The argument that the ordinances may be supported on aesthetic grounds is just as unacceptable. Apart from pure matters of taste, concerning which government cannot be involved, Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 510, 101 5.Ct. 2882, 69 L.Ed.2d 800 (1981), there is nothing to distinguish Kuvin’s truck or others like it from what some might think are even more aesthetically displeasing cars or, even more plainly, from one of whatever make or model which is in obvious disrepair or just plain dirty.[7] As the court said in City of Nichols Hills v. Richardson, 939 P.2d 17, 19-20 (Okla.Crim. App.1997):
Any vehicle that meets the definition of a “private passenger vehicle” — no matter how ugly, rusted or offensive, may be parked in this municipality between the hours of 2:00 a.m. and 5:00 a.m. However, not a single pickup — no matter how new, expensive, or “pleasing to the eye,” may be parked in any driveway during these hours. The obvious contradiction belies the City’s claim that it has enacted the ordinance to protect the aesthetic integrity of the community.
The result we reach in this case is in full accordance with numberless decisions of this and every other court which have invalidated government attempts to regulate conduct in similar regards but for no supportable reasons. See Eskind v. City of Vero Beach, 159 So.2d 209, 211 (Fla.l963)(holding ordinance prohibiting motel signs advertising rates but permitting other motel advertising signs unconstitutional as having “no justification from an aesthetic viewpoint[:] ... a sign advertising rates is not aesthetically distinguishable from a sign advertising [other] motel services”); Pinellas County v. Fiore, 732 So.2d 1152 (Fla. 2d DCA 1999)(upholding judgment invalidating, as bearing no rational relationship to asserted government interest in prohibiting gambling, ordinance regulating skill machines so as to bar leasing of toy crane machines on premises conducting bingo games); Sunshine Key Assocs. Ltd. P’ship v. Monroe County, 684 So.2d 876 (Fla. 3d DCA 1996)(reversing order upon holding invalid, as being arbitrary and unenforceable, regulation defining recreational vehicles as less than eight feet wide so as to bar from park vehicles *607 now classified as mobile homes based on width greater than eight feet); Fox v. Town of Bay Harbor Islands, 450 So.2d 559, 561 (Fla. 3d DCA 1984)(reversing order upon holding invalid, as having “not the slightest bearing upon the health, safety, morals or welfare of the public,” ordinance limiting occupancy of parking facility apartment to building superintendent so as to bar occupancy by plaintiff); Campbell v. Monroe County, 426 So.2d 1158 (Fla. 3d DCA 1983)(reversing order upon holding invalid, as showing no relationship to aesthetic uniformity or safety, ordinance requiring homes be built of masonry to the roof line so as to bar modular housing); Dennis v. City of Key West, 381 So.2d 312 (Fla. 3d DCA 1980)(reversing judgment upon holding invalid, as having no discernible relationship to public health, welfare or safety, ordinance requiring all live-aboard vessels be docked or moored at designated areas so as to bar live-aboard vessels moored to pilings off the coast of Key West), petition for review dismissed, 389 So.2d 1108 (Fla.1980); Kuster Enters., Inc. v. Dep’t of Transp., 357 So.2d 794 (Fla. 1st DCA 1978)(quashing Department order upon holding that denial of rule permitting transport of extra-wide prefabricated pools while permitting transport of mobile homes and boats of the same width as having no substantial relationship to legislative purpose); Fogg v. City of S. Miami, 183 So.2d 219 (Fla. 3d DCA 1966)(revers-ing order upon holding invalid, as having no relation to public welfare, ordinance prohibiting drive-in stores so as to bar drive-in retail dairy business); City of Miami v. duPont, 181 So.2d 599 (Fla. 3d DCA 1965)(upholding order invalidating, as unrelated to legitimate use of police power, ordinance regulating size of boathouses so as to bar erection of large structure in residential area on Biscayne Bay); see also Town of Chesterfield v. Brooks, 126 N.H. 64, 489 A.2d 600 (1985)(holding ordinance regulating location of mobile homes invalid as bearing no substantial relationship to goal of retaining town’s rural character); Ohio v. Lanham, 107 Ohio App.3d 533, 669 N.E.2d 80 (1995)(revers-ing judgment upon finding ordinance prohibiting unlicensed vehicles from being on property for more than thirty days invalid as not advancing public welfare). See generally 2 Sandra M. Stevenson, Antieau on Local Government Law §§ 29.01, 29.26(1) (2d ed. 2006); 6A Eugene McQuillin, The Law of Municipal Corporations §§ 24:15, 24:29 (3d ed. Westlaw database updated Jan. 2007); 8 McQuillin, § 25.31 (3d ed. Westlaw database updated Oct. 2006); 1 E.C. Yokley, Zoning Law and Practice, §§ 3-13, 3-14, 4-6 (4th ed. rev. 2000); 1 Kenneth H. Young, Anderson’s Am. Law of Zoning §§ 3:10, 7:3, 7:13, 7:24 (4th ed. Westlaw database updated Nov. 2006); 2 Edward H. Ziegler, Jr., Rathkopfs The Law of Zoning and Planning, §§ 16:7, 16:13-16:16, 16:19 (4th ed. Westlaw database updated Apr. 2007).
Even more to the point, indeed directly on it, the only cases which have specifically considered a “personal truck” restriction, City of Nichols Hills, 939 P.2d at 17, and Proctor v. City of Coral Springs, 396 So.2d 771 (Fla. 4th DCA 1981), review denied, 402 So.2d 608 (Fla.1981), have, as we do, held it invalid. See Pennsylvania v. Frederick, 10 Pa. D. & C. 4th 554 (Pa.Com.P1.1991)(available at 1991 WL 341737); see also Minx v. Vill. of Flossmoor, 724 F.Supp. 592 (N.D.Ill.1989)(holding that resident stated equal protection claim in alleging that ordinance impermissibly prohibited parking of personal-use pickup truck in driveway while permitting parking of other types of personal-use vehicles). But cf. Henley v. City of Cape Coral, 292 So.2d 410 (Fla. 2d DCA 1974)(upholding broad ordinance prohibiting commercial vehicles, including “trucks,” in residential *608 area; nature of vehicle involved not disclosed).
On the other hand, City of Coral Gables v. Wood, 305 So.2d 261 (Fla. 3d DCA 1974), is decisively distinguishable. First, it regulates “campers,” an entirely different vehicular breed. More importantly, the decision is based on the fact that the offender may avoid prosecution by parking his camper in an enclosed garage.[8] Henley, 292 So.2d at 410 (containing similar exception). Kuvin’s home, however, has no garage. The effect of the ordinances are therefore to do just what the court said was not involved in Wood: they require Kuvin to choose between owning and parking a personal vehicle of his choice in Coral Gables and leaving town (which is what Kuvin, taking his cursed truck with him, actually did). That is a decision that no government may require.
III.
But there is a larger issue at stake here. Absent any legitimate basis for the ordinances, what remains is that the City Parents disapprove of a perhaps unorthodox vehicle and the possibly diverse taste and lifestyle which may be reflected by its ownership.[9] See Reid R. Heffner, Thomas S. Turrentine and Kenneth S. Kurani, A Primer on Automobile Semiotics, Institute of Transportation Studies, U. of Cal. Davis (Feb.2006), http://www.its.ucdavis.edu/, available at http://repositories.cdlib.org/ itsdavis/U CD-ITS-RR-06-01/; Sangho Choo and Patricia L. Mokhtarian, What Type of Vehicle do People Drive? The Role of Attitude and Lifestyle in Influencing Vehicle Type Choice, Institute of Transportation Studies, U. of Cal. Davis (2004), http://www.its.ucdavis.edu/, available at http://repositories.cdlib.org/ postprints/39/; Paul Hollis, Pickup Trucks Have Become Transportation for the Masses (April 5, 2006), www.southeastfarm express.com /mag/farming_pickup_trucks_ become/index.html. This is just what Judge Hurley was getting at in Proctor by characterizing an anti-truck parking ordinance as unconstitutionally contrary to protected rights of association, privacy and “personhood.” Proctor, 396 So.2d at 773 (Hurley, J., concurring); see also Moore v. City of E. Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977)(invalidating municipal zoning limitation on occupancy of dwelling to defined “family” as unconstitutionally restricting family choice to “nuclear” family).
For a governmental decision to be based on such considerations is more than wrong; it is frightening. Perhaps Coral Gables can require that all its houses be made of ticky-taeky and that they all look just the same,[10] but it cannot mandate that its people are, or do. Our nation and way of life are based on a treasured diversity, but Coral Gables punishes it. Such an action may not be upheld.
Reversed with directions to enter declaratory judgment for the appellant and to vacate the guilty determination of the hearing officer.
CORTIÑAS, J., concurs.

. Dep’t of Highway Safety & Motor Vehicles v. Pipkin, 927 So.2d 901, 904 (Fla. 3d DCA 2005)(dissenting opinion).

. Section 8-11, Coral Gables, Florida, Zoning Code, provides, in pertinent part:
Parking in residential areas.
(a) It shall be unlawful for any person to park any ... truck ... in or upon any property, public or private, in any area of the city which is zoned residential. This prohibition, however, shall not apply in the following cases:
1. Vehicles which are entirely enclosed within the confines of an enclosed garage. ...

. Section 8-12, Coral Gables, Florida, Zoning Code, provides:
Trucks, trailers, commercial vehicles, and recreational vehicles — Parking upon streets and public places.
Except as provided for herein no trucks, trailers, commercial vehicles, or recreational vehicles, shall be parked upon the streets or other public places of the City between the hours of 7:00 p.m. on one day and 7:00 a.m. of the next day. This prohibition is in addition to the total prohibition covering residential areas dealt with in Section 8-11 hereof.

. Section 2-128, Coral Gables, Florida, Zoning Code, defines a "truck” as:
Any motor vehicle designed, used or maintained for transporting or delivering property or material used in trade or commerce in general. Trucks shall include any motor vehicle having space designed for and capable of carrying property, cargo, or bulk material and which space is not occupied by passenger seating.

. This procedure is the appropriate means to challenge the validity of an allegedly unconstitutional city ordinance because the hearing officer has no authority over that question. Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003).

. It is not necessary or — applying the rule that appellate decisions in general, and ones based on constitutional grounds in particular, should be restricted to the narrowest possible ground, see City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 447, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985), — it is not even appropriate to go further and determine whether the ordinances are also invalid on their face. See 10 Fla. Jur. 2d Constitutional Law § 102 (2003).

. Quaere: Could Coral Gables forbid the parking of military-looking, right-angled vehicles, or any car which has not been washed and polished within the previous twenty-four hours?

. Apparently, the mere configuration of a "truck" is so offensive to the sensibilities of Gables’ residents that its enforcement officers have refused to allow Kuvin's truck to be parked there, even if, as he offered, it was completely covered by a protective tarp.

. We are told that in response to an inquiry from Mr. Kuvin as to how she felt about the anti-pickup-track law, a passer-by responded that she did not understand why a person who owned such a vehicle would want to live in Coral Gables.

.See Fine v. City of Coral Gables, 958 So.2d 433 (Fla. 3d DCA 2007).