62 So.3d 624 (2010)
Lowell Joseph KUVIN, Appellant,
v.
CITY OF CORAL GABLES, Appellee.
No. 3D05-2845.
District Court of Appeal of Florida, Third District.
August 25, 2010.
Lowell Joseph Kuvin, in proper person.
Ricci~Leopold and Spencer T. Kuvin, Palm Beach Gardens, for appellant.
Akerman Senterfitt and Michael Fertig and Jennifer Cohen Glasser, Miami; Robert S. Glazier, Miami; and Elizabeth M. Hernandez, Miami, City Attorney, for appellee.
Before CORTIÑAS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
Prior report: 62 So.3d 604; 45 So.3d 859.

ON MOTION FOR REHEARING
PER CURIAM.
We deny rehearing. However, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify to the Supreme Court of Florida the following as a question of great public importance:
MAY A CITY ORDINANCE, WHICH PROHIBITS THE PARKING OF ANY TRUCK IN A PRIVATE DRIVEWAY OR IN A PUBLIC PARKING SPACE AT NIGHT, AS APPLIED TO A PERSONAL-USE LIGHT DUTY TRUCK, BE UPHELD AS CONSTITUTIONAL?
*625 Rehearing denied; question of great public importance certified.
CORTIÑAS, J. and SCHWARTZ, Senior Judge, concur.

ON MOTION FOR REHEARING
ROTHENBERG, J. (dissenting).
The original panel majority, consisting of one active member of the Court and one Senior Judge, now attempts to certify to the Florida Supreme Court a "question of great public importance." Respectfully, because this Court has now decided this case en banc, and the en banc opinions supersede the original panel opinions issued by this Court, the original panel is without jurisdiction or authority to certify a question to the Florida Supreme Court, in view of Florida Rule of Appellate Procedure 9.331, which provides, in pertinent part, as follows:
(a) En Banc Proceedings: Generally. A majority of the judges of a district court of appeal participating may order that a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. . . . The en banc decision shall be by a majority of the active judges actually participating and voting on the case.
See also Philip J. Padovano, Florida Appellate Practice § 19.7 (2006) ("A case pending in a district court of appeal will be considered by all of the judges in regular active service, and not by the usual panel of three, if a majority of the judges vote to hear the case en banc.") (emphasis added).
The case pending before this Court has been considered and ruled on by eight of the ten judges in regular active service (two of the judges in regular active service recused themselves from considering this case). Thus, the decision of whether or not to certify a question to the Florida Supreme Court rests with the Court en banc, not with the original panel.
The original panel majority's attempt to certify a question to the Florida Supreme Court is also a procedural impossibility. The original panel majority did not certify a question to the Florida Supreme Court based on its original decision or the original panel opinions issued. It certified a question based on the en banc ruling of the Court. The original panel has no authority to certify a question based on the en banc decision of the Court, and procedurally it cannot reach back to take any further actions as a panel once the Court has ruled on the matter en banc. Thus, the certified question issued by the original panel majority is a nullity, and I must respectfully dissent.